## ZANK v. LANDON.

### No. 13739.

United States Court of Appeals
Ninth Circuit.
June 19, 1953.

Ronald Walker and Marshall E. Kidder, Los Angeles, Cal., for appellant.

Walter S. Binns, U. S. Atty., Clyde C. Downing and Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and HEALY, Circuit Judges.

DENMAN, Chief Judge.

This is a motion by appellant to remand the cause to the district court with instructions to vacate the judgment and to dismiss the action.

Appellant Zank brought an action in the United States District Court for the Southern District of California, Central Division, against the District Director of Immigration and Naturalization Service, Herman R. Landon, for declaratory relief and for a review of the deportation hearing in which it was held that Zank should be deported. The district court rendered a judgment adverse to Zank and he appealed. Included in the findings of fact below were the following: That there were no procedural irregularities in the hearing; that there was substantial evidence to support the warrant of deportation and that the hearing was fair.

The district court's decision was entered on December 24, 1952. Subsequently, on March 16, 1953, the Supreme Court rendered its decision in Heikkila v. Barber, 345 U.S. 229, at pages 234, 235, 73 S.Ct. 603,

holding, that a deportation may be attacked only in a habeas corpus proceeding. Zank apprehends that because of this decision we will be constrained to affirm the judgment and that the facts found will be held res judicata against him.

There is no warrant for Zank's apprehension. An appellate court, in disposing of a case, must consider any change of law or fact which has occurred since the judgment was entered. Patterson v. State of Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 79 L.Ed. 1082.

Where, as here, the subsequent decision of the Supreme Court shows that the district court, and hence this court, has no jurisdiction of the subject matter, Federal Rules of Civil Procedure 12(h), 28 U.S.C.A., applies. The pertinent portion of that rule is "* * * whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *" Likewise it follows that since the district court lacked jurisdiction to take any action on the facts respecting the Immigration Bureau's right to deport Zank, its findings of fact and conclusions of law are as if not rendered.

The case is remanded to the district court and that court ordered to dismiss it.