See also 74 S.Ct. 768.

### STANARD v. OLESEN et al.
### No. 16522.

United States District Court,
S. D. California, Central Division.
April 1, 1954.

Caidin, Bloomgarden & Kalman, Beverly Hills, Cal., and Stanley Fleishman, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Chief, Civil Division, Richard A. Lavine, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Plaintiff V. E. Stanard is engaged in the business of distributing and selling through the mail certain publications, "pin-up" pictures and novelties, under the firm name and style of Male Merchandise Mart. On March 1, 1954, the Solicitor for the Post Office Department filed a complaint, alleging upon probable cause that Albert J. Amateau and V. E. Stanard were conducting an unlawful business through the mail, in violation of 18 U.S. Code, 1342 and 1461, and of 39 U.S.C.A. § 255 and § 259a.

It appearing from the allegations and from the exhibits comprising the complaint that it was necessary to determine whether the mail addressed to the aforesaid parties should be delivered to them or whether it should be disposed of pursuant to the above mentioned statutes, an order was addressed to the Postmaster at Los Angeles, California, directing him "to refuse to deliver such mail to the parties claiming same until their identity and the character of the business conducted thereunder is satisfactorily established upon evidence which will be received at a hearing to be held in the Post Office Department upon a date which shall be fixed by the Chief Hearing Examiner, and such mail shall be held in your custody until my further order."

Subsequent to receipt of the order the Postmaster refused to deliver to plaintiff any mail addressed to her, arriving at the Los Angeles Post Office. On March 1, 1954, a notice was given of a hearing to be held before a hearing examiner on March 17, 1954, in the New Post Office Building, Washington, D. C. On March 17, the plaintiff appeared before the examiner in Washington, D. C., and at that time there was presented to the hearing officer certain advertisements which had been sent through the mail by plaintiff by which she solicited orders for certain cartoon books, party films, art books, et cetera. None of the articles offered for sale were presented to the examiner, and no evidence was received that any of such articles had been transported through the mail. However, the advertising pamphlets were sent through the mail, and orders emanating therefrom were transmitted by mail from the sender to Los Angeles, California. The matter was taken under submission by the hearing officer, and up to the present date no decision has been made by the hearing officer as to whether or not plaintiff has violated the statute.

On March 19, 1954, this action was filed by which plaintiff has asked this court to determine the rights and legal relations of the parties, as provided by U. S. Judicial Code, Title 28, §§ 2201–2202, and that a temporary restraining order and permanent injunction be issued, restraining and enjoining the defendants from impounding the mail belonging to plaintiff herein. It is plaintiff's contention that the Postmaster General cannot make an order impounding her mail until there has been a determination that plaintiff is guilty of a violation of law.

The complaint filed by the Solicitor alleges there is "probable cause" that plaintiff is in violation of the statute. The complaint does not allege plaintiff was violating but alleges only that there is "probable cause" to believe plaintiff to be in violation. Inasmuch as it would take some time to determine whether or not plaintiff is in violation, the Postmaster General (without waiting for such determination) directed the Postmaster at Los Angeles to impound the mail. This, plaintiff alleges, cannot be done.

Plaintiff as authority for her position cites to the court Donnell Mfg. Co. v. Wyman, C.C., 156 F. 415, and Meyers v. Cheesman, 6 Cir., 174 F. 783. Counsel for plaintiff asserts these are the only two cases found in the reports dealing with the matter at hand and that each

sustains plaintiff's contention that it is impossible for the Postmaster General to impound plaintiff's mail until there has been determination that such mail is unlawful.

The first case above was decided by a District Court in Missouri and the second by a District Court in Kentucky. Inasmuch as both were decided by District Courts, neither is binding upon this court.

A similar contention was made in Wallace v. Michael D. Fanning, No. 15,499–T, tried by one of the members of this court—the Honorable Leon R. Yankwich—in June, 1953. Judge Yankwich, in his remarks from the bench, pointed out that the two cases above cited were District Court cases, not binding upon him, and he refused to follow them. The same problem was there presented to the court as is presented here—whether or not the Post Office Department can (under §§ 255 and 259a), prior to a finding that literature is obscene, make an order impounding such literature. Judge Yankwich ruled:

"* * * in my opinion, under the broad powers given by the law to a postmaster under Section 255, relating to fraudulent schemes, and 259a relating to obscene literature, that when information reaches the postmaster he may have a reasonable time, while instituting proceedings, to stop the mail temporarily until the order is determined."

The Donnell Mfg. Co. and Meyers cases, supra, were tried in 1907 and 1909, respectively. The Wallace case, tried in 1953, is recent. It has the same standing before this court as the two prior cases, and this court is of the opinion that the Wallace case should be followed.

From the record before this court it appears administrative procedures are now being pursued by the respective parties. There has been no exhaustion of administrative remedies, and it would appear to this court that the Postmaster General should, in following adminis-

trative procedure as outlined by Congress, have a reasonable time after the proceedings have been initiated to determine whether there has been a violation. There is no evidence before the court to show the proceedings are not being pursued promptly; and in the usual course the Post Office Department will make a determination whether or not the articles in question come within the statute. If the determination is adverse, plaintiff may appeal therefrom and, eventually, may present the entire matter to the District Court. That is not now before us. The only question before this court is whether, after initiating proceedings, the Postmaster General has a right to impound mail until there has been a final determination of the matter.

The question of exhaustion of administrative remedies has been discussed at length by the Ninth Circuit in Home Loan Bank Board v. Mallonee, 196 F.2d 336. At page 380 of 196 F.2d, the Court lays down the rule:

"* * * no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted".

In the case at bar plaintiff points out that if the court does not restrain the Postmaster from impounding her mail, she is virtually out of business and will be caused irreparable injury.

In the Home Loan Bank Board case, supra, great emphasis was laid on the injury to the association which would result if it was necessary to proceed with the administrative remedy; and at page 381 of 196 F.2d the Court said:

"The doctrine of exhaustion of administrative remedies requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention."

When it was determined that administrative remedies had not been exhausted, the Circuit Court criticized the trial

court for not immediately dismissing the action. The Court said, at page 382 of 196 F.2d:

> "The trial court * * * erred when it failed to immediately dismiss * * * on the ground that * * * available administrative remedies were not first exhausted. Failure of the court to dismiss these actions * * * merely compounded the original error of the court in entertaining them at the outset of the litigation * *, and at this point we strongly emphasize that at that time prompt and final disposition of the conservatorship issue by securing through the administrative process a final and judicially reviewable order or determination on the issue of the validity of the conservatorship, would have then laid that issue at rest thereby disposing of the one great controversy which inspired the Mallonee-Association bracket of this litigation."

In the case at bar it appears from the evidence before the court that there are administrative remedies available to plaintiff; that plaintiff is now pursuing her administrative remedies, and that such administrative remedies have not been exhausted. As a consequence, this court does not have jurisdiction of the matter at all; therefore, plaintiff is not entitled to the relief asked by her complaint. When it appears, as it does here, that a court does not have jurisdiction, it is the duty of the court to immediately dismiss the action.

> " * * *, Federal Rules of Civil Procedure 12(h), 28 U.S.C.A., applies. The pertinent portion of that rule is ' * * * whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *'" Zank v. Landon, 9 Cir., 205 F.2d 615 at page 616.

Plaintiff's action is dismissed.