**Bernard G. McCUSKER, Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Respondent-Appellee.**

No. 73–3057.

United States Court of Appeals,
Ninth Circuit.

Oct. 15, 1974.

Howard R. Lonergan, Portland, Or., for petitioner-appellant.

Scott McAlister, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

Before TRASK and SNEED, Circuit Judges, and GRAY,\* District Judge.

OPINION

PER CURIAM:

Bernard G. McCusker appeals from a denial of his petition for a writ of habeas corpus. The petition raised questions of law and of fact which the parties stipulated required an evidentiary hearing.

The matter was referred to a United States magistrate who proceeded to conduct an evidentiary hearing and thereafter filed a Recommendation that the petition be denied. It was dated June 29, 1973. To it was attached an Order signed by the District Court on July 6, 1973, as follows:

"After reviewing the file and record in this case, I approve the above recommendation.

"It is Ordered that the petition is denied." C.T. at 12.

Thereafter a motion to vacate the Recommendation and Order was filed which raised the principal question at issue here, *i. e.,* whether this hearing had to be before a United States judge. The motion was denied.

■■ Preliminarily, we consider the argument of the Government that by the failure of the petitioner to object to the hearing before the magistrate prior to the date upon which it took place and by participating therein, he has waived his right to insist upon an evidentiary hearing before a United States judge. We do not accept the Government's position. If the authority of the magistrate to hold such hearings is invalid because it is inconsistent with the laws of the United States under 28 U.S.C. § 636(b), then there was no jurisdiction to act for that purpose. The parties may not by conduct waive a lack of jurisdiction or

---

\* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

consent to jurisdiction which does not in fact exist. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); see C. Wright, Federal Courts, § 7 (1970).

■ Since this case was decided below, the Supreme Court has considered the authority of a Federal magistrate to hold evidentiary hearings in habeas corpus cases. Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). The Court held that the magistrate had no such authority and that evidentiary hearings in habeas corpus cases must be held by a district judge. We therefore reverse and remand for further proceedings in the light of this decision and Wingo v. Wedding.

Reversed and remanded.