Bernard G. McCUSKER,
Petitioner-Appellant,

v.

Hoyt C. CUPP, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.

No. 75–2818.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1976.

Howard R. Lonergan, Portland, Or., for petitioner-appellant.

Rhiddiam M. M. Morgan, Asst. Atty. Gen., Salem, Or., for respondent-appellee.

OPINION

Before DUNIWAY and KILKENNY, Circuit Judges, and REAL,* District Judge.

PER CURIAM:

The district court denied McCusker's petition for a writ of habeas corpus (28 U.S.C. § 2254) after an evidentiary hearing held pursuant to our mandate in *McCusker v. Cupp*, 9 Cir., 1974, 506 F.2d 459. We affirm.

McCusker contends that he was arrested on a pretext so that he might be searched. The search turned up a quantity of amphetamines and McCusker was later charged and convicted of possession of dangerous drugs. Additionally, he contends that, even if the arrest were valid, there was no legitimate purpose in detaining him and searching him, because he was arrested in the office of a Justice of the Peace prior to his arraignment on an earlier charge and could then have been arraigned and made bail on the charge for which he was arrested the second time, without being taken to the jail, booked and searched.

The trial judge found that the arrest was not a pretext for searching him. *See Taglavore v. United States*, 9 Cir., 1961, 291 F.2d 262, 265. The judge's finding is not clearly erroneous; he accepted the prosecutor's version of the reasons for charging McCusker, reasons which did not involve the probability of possessing drugs.

Likewise, McCusker has not demonstrated that his brief detention for booking was unreasonable given the fact that he was charged with a felony, that he had called his attorney, and that he did not wish to be arraigned until his attorney arrived. Under these circumstances, the booking and inventory search were routine.

Affirmed.

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.