Jerald Aaron WHITE, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, and R. A. Osborn, Warden, Federal Correctional Institute, Texarkana, Respondents-Appellants.

No. 76-3070.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1977.

John L. Hill, Atty. Gen., Patrick P. Rogers, Dunklin Sullivan, Joe B. Dibrell, Asst. Attys. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for respondents-appellants.

James E. Davis, Texarkana, Ark., for petitioner-appellee.

Before GODBOLD, TJOFLAT and HILL, Circuit Judges.

GODBOLD, Circuit Judge:

Petitioner, a federal prisoner, filed a petition for writ of habeas corpus attacking his state conviction for theft and a detainer filed pursuant to the conviction. The asserted ground was that his plea of guilty was invalid because it was made pursuant to a plea bargain which the state did not honor.

Earlier, petitioner had filed a state habeas proceeding. The state trial judge made no findings of fact or conclusions of law but filed a certificate stating that generally it was not his practice to enter into plea negotiations and that he did not feel he had done so in this case. His certificate did not

categorically deny testimony of petitioner's trial attorney, nor that of the prosecutor who had handled the case, concerning an alleged bargain under which petitioner was to be put on probation if he made restitution for the theft. Some 13 months after plea negotiations the court declined to give probation and sentenced petitioner to 10 years. The state petition was denied and the Texas Court of Criminal Appeals affirmed.

On May 12, 1975, after the federal petition was filed, the district court ordered the matter set for evidentiary hearing before a United States Magistrate unless either party objected within 10 days. The respondent telegraphed that he did not object to the magistrate's conducting the evidentiary hearing "so long as the reference for that purpose is permissible in light of *Wingo v. Wedding*, 418 U.S. 461 [94 S.Ct. 2842, 41 L.Ed.2d 879]." No one objected at the hearing itself. The magistrate went forward with the hearing, and the testimony was generally the same as that at the state hearing. The magistrate made specific findings that the bargain was made and was not carried out. He declined to give a presumption of correctness to the certificate made by the trial court because it did not comply with 28 U.S.C. § 2254(d). The magistrate recommended that the writ be granted and the conviction be set aside and the detainer voided.

The district court reviewed the evidence and the magistrate's report, found that the bargain was made and not carried out, and on July 9, 1976, granted the writ with directions to afford petitioner a new trial or release him. The respondent appeals on the grounds that the court erred in finding that the conclusions of the state evidentiary hearing were inadequate and that the federal evidentiary hearing was deficient because conducted before the magistrate in violation of *Wingo*.

*Wingo* held that the Federal Magistrates Act precluded magistrates from holding evidentiary hearings in post trial relief matters. 418 U.S. at 472–73, 94 S.Ct. 2842. However, we conclude that the October 1976 statute,[1] which overruled *Wingo*, retroactively applied to this case.[2]

An appellate court applies the law in effect at the time of its decision unless to do so would cause manifest injustice or unless there is contrary statutory direction or legislative history. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476, 488 (1974) (retroactive application of 20 U.S.C. § 1617 awarding attorneys' fees in school desegregation case); *Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969) (retroactive application of a Housing and Urban Development regulation. This principle of retroactivity "has been applied where the change [in the law] was constitutional, statutory or judicial"). The legislative history to the 1976 statute clearly and firmly states the opinion of Congress that *Wingo* was wrongly decided and that the Supreme Court erroneously interpreted the intent of the earlier Congress

---

1. This statute amended 28 U.S.C. § 636(b). Section 636(b)(1)(B) now reads:

    "(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."

2. We pretermit consideration of whether the parties by consent can authorize an evidentiary hearing before a magistrate. *See Armstrong v. Collier*, 536 F.2d 72, 75 & n. 2 (CA5, 1976), which seems to say that consent is enough. *But see McCusker v. Cupp*, 506 F.2d 459 (CA9, 1974), which says that an evidentiary hearing before a magistrate is invalid though neither party objected. *Accord Cruz v. Hauck*, 515 F.2d 322, 326 & n. 5 (CA5, 1975) (dictum). Further, we need not decide whether the state's equivocal telegram was a waiver of the *Wingo* rule.

which had adopted the Magistrates Act.[3] Further, we can perceive of no injustice that will be caused by our retroactive application of the statute. A full hearing was held before the magistrate, and respondent had opportunity to present and to rebut evidence. If we were to remand this case, it could now be sent before the magistrate for another hearing, this time under the new law. Thus we conclude that the 1976 statute operates to make the magistrate's hearing, conducted shortly before its effective date, one within his power. The court reviewed the evidence taken before the magistrate, and this evidence adequately supports the conclusion of the court that the state failed to carry out its plea bargain and that the writ should be granted.

██ Respondent's other contention is that the district court was wrong in its holding that the state court decision to refuse the writ was not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). This section states in part:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction . . . evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—. . . .

Section 2254 further says that this presumption of correctness stands unless petitioner shows by convincing evidence that the state court findings were erroneous.

The district court found that the requisites of § 2254(d) were not met because there were not sufficient written findings prepared by the state court. We agree.[4]

The state trial judge orally denied the writ at the conclusion of a hearing. Almost a year later he filed a "certificate" set out in the margin,[5] in which he stated that, although he could not remember this particular case, it was not his practice to engage in plea negotiations and he did not feel that

3. *See* H.R.Rep.No.94–1609, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News, pp. 6162–6174.

4. Here we are concerned only with whether the district court erred in refusing to grant the state court proceedings the presumption of validity with its special burden of proof established by § 2254(d). There is no contention that the district court erred in holding a de novo evidentiary hearing on the application for the writ since under *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), this decision is within the discretion of the district court. *See LaVallee v. Delle Rose*, 410 U.S. 690, 701 n. 2, 93 S.Ct. 1203, 35 L.Ed.2d 637, 645 n. 2 (1973) (Marshall, J., dissenting).

5. "The record reflects that on May 15, 1972, Jerald Aaron White, pled guilty to the offense of theft. After a pre-sentence report was prepared, the defendant was sentenced on June 8, 1973, to serve not less than two (2) nor more than ten (10) years in the Texas Department of Corrections.

"I denied defendant's motion for probation. The conviction was affirmed per curiam by the Texas Court of Criminal Appeals.

"The defendant has made an allegation that his retained lawyer, the Honorable Samuel Wilson and I, as presiding judge of the 177th District Court of Harris County, entered into a 'plea bargain'.

"Unfortunately because of the passage of time, I have no independent recollection of any of the facts surrounding the defendant's plea.

"I have reviewed the evidentiary hearing conducted on June 3, 1974, concerning this allegation and do not recall the facts as testified by Mr. Wilson. Certainly, I do not question Mr. Wilson's integrity, but I am unable to certify the facts as testified by him.

"Based upon my policy as a trial judge, I feel certain that I did not commit myself in regard to the actual sentence imposed by me before hearing the evidence. The defendant was admonished, as required, by Article 26.-13, C.C.P.

"Even though I dont' recall the conversation which took place outside the courtroom with Mr. Wilson and Mr. Vela [assistant district attorney in charge of prosecuting petitioner], it is possible that it did occur. Quite possibly, I did discuss the defendant's ability to make restitution in this case, as it would be a factor to consider in view of the defend-

he entered into a plea bargain in this instance. This certificate and the transcript of the hearing comprised all the writings by the state court in this case.

The certificate did not rise to the level of "a written finding, written opinion, or other reliable and adequate written indicia" required by § 2254(d) before a presumption of correctness can attach to the state court determination. The certificate contained no explicit findings and made no holding denying the writ; it was more in the form of written testimony by the state trial judge. No discussion of the hearing was included in the certificate beyond the state judge's statement that he did not recall the facts as testified by petitioner's trial attorney. Also, the certificate dwelt mainly on the general practices of the trial judge, not on the specifics of the present case, and the evidence of the petitioner was not absolutely denied.

Respondent relies on *LaValle v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 537 (1973). In *LaValle* the Supreme Court said that even though the state court in that case did not "specifically articulate its credibility findings, it can scarcely be doubted from its written opinion that respondent's [defendant's] factual contentions were resolved against him." 410 U.S. at 692, 93 S.Ct. at 1204, 35 L.Ed.2d at 640. But in *LaValle* the state court had written an opinion extensively summarizing the trial evidence and defendant's explanations of confession statements, and based on the evidence at trial and hearing, had reached precise written conclusions on the voluntari-

ness issue. In the present case none of the *LaValle* factors is present. There was no specific finding on the issues involved—the existence and honoring of the plea bargain—no indication of what was considered by the trial judge in his oral decision to deny the writ, and no written opinion from which to draw permissible inferences. In sum, holding the evidentiary hearing before the magistrate was proper, and the state proceedings were not subject to the presumption of correctness of § 2254(d).

AFFIRMED.

---

ant's application for probation. But again, I must emphasize that my policy which I have followed over the years would indicate that I would not promise the defendant probation before the evidence was heard. In a case of this magnitude where there was no recommendation on the part of the District Attorney's Office, it has been my policy to ask for a pre-sentence report in an effort to ascertain the proper punishment.

"Taking all of these factors in consideration, I do not feel that I, as the trial judge,

entered into any plea negotiations in this case.

"Respectfully submitted,
(s) Miron A. Love

Miron Love,
Presiding Judge
177th Judicial District Court
Harris County, Texas

May 23, 1975"