**Tancredo R. VERZOSA,**
**Plaintiff-Appellee,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant-Appellant.**

**No. 76–2627.**

United States Court of Appeals,
Ninth Circuit.

July 7, 1978.

Rehearing Denied Aug. 23, 1978.

Dustin C. McCreary, of Bogle & Gates, Seattle, Wash., for defendant-appellant.

Christoper E. Young, of Peterson, Bracelin, Creech & Young, Seattle, Wash., for plaintiff-appellee.

Before BROWNING and TANG, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

The district court found that appellant Merrill Lynch, Pierce, Fenner & Smith had refused to promote appellee Verzosa, a Filipino, from a supervisory clerical position to account executive solely because of his race. The company appealed. We affirm.

In 1956 appellee was hired in the company's Seattle office as a clerk. His work record was excellent, and he was promoted regularly. In 1969, however, his application for promotion to account executive was rejected. In 1970 and 1971 appellee reapplied for promotion. His application was again rejected. In 1973 a Filipino organization urged appellee's promotion. A personnel officer of the company interviewed appellee, but he was again refused promotion. Shortly thereafter appellee complained to EEOC. He was issued a "right-to-sue" letter, and filed this action under Title VII, 42 U.S.C. § 2000e et seq.

The matter was referred to a special master. The special master (1) found appellee was qualified for the position of account

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

executive,[1] and (2) computed the amount of back pay due as the difference between appellee's clerical salary for the two years preceding his EEOC claim (1971–73) and the average earnings of a comparably experienced account executive for the same two-year period. The district court adopted the finding and approved the award.

The finding of qualification was not clearly erroneous. Appellee had neither a college degree nor sales experience, but the company stipulated these were not requirements for the position. The company argues that appellee did not work well with others, did not have the personality to succeed as an account executive, and lacked "drive, desire, and energy," but the testimony of appellee's co-workers and superiors was to the contrary.[2] The company refused to allow appellee to take an aptitude test for prospective account executives, stipulating that regardless of his score appellee would not be promoted.

There was no error in computing the award of back pay. Appellant argues there was no showing appellee would have enjoyed average success as an account executive. It was reasonable to infer from the evidence of appellee's qualifications for the position, however, that he would have performed as well and have earned as much as the average account executive of the same experience. Moreover, the special master computed the earnings at slightly less than an account executive of comparable experience would have averaged for a two-year period.

The district court limited the back pay award to the amount that would have accrued during the two years prior to the filing of the charge of employment discrimination with the EEOC on November 8, 1973, as required by 42 U.S.C. § 2000e–5(g). In computing the award, however, the court assumed appellee would have been promot-

ed in July 1970 and therefore would have gained more than a year's experience at the time the damage period began (November 1971). Appellant objects that this assumption violates the spirit of 42 U.S.C. § 2000e– 5(g). We do not agree.

The limitation in section 2000e–5(g) reads, "[b]ack pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. . . ." 42 U.S.C. § 2000e–5(g) (1972). This language limits the accrual period of back pay only, not other forms of equitable relief. Further, beyond providing that interim earnings shall be subtracted from back pay, section 2000e–5(g) does not purport to specify how back pay liability for the two-year accrual period shall be computed.

In *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), the Court held that retroactive seniority could be awarded victims of employment discrimination from the date their job applications were wrongfully rejected. *See also Meadows v. Ford Motor Co.,* 510 F.2d 939, 949 (6th Cir. 1975). It is true that the 1972 amendments to Title VII, of which section 2000e–5(g) was one, did not apply to *Franks.* However, *Franks* was decided well after these amendments were adopted, and the Court gave no indication that the amendments would have altered the result.

Appellant's final contention is that appellee's claim was untimely. A Title VII complainant must file charges with the EEOC within 180 days of the alleged act of discrimination; failure to do so deprives the district court of jurisdiction. *See Collins v. United Air Lines,* 514 F.2d 594 (9th Cir. 1975). Appellee filed his claim with the EEOC almost three years after his first request for promotion was denied. Appellee argues that where an employee expresses continuing interest in promotion, as ap-

---

1. This was the only one of the four elements of a prima facie case appellant disputed. *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

2. The special master did not abuse his discretion in concluding that opinion testimony of lay witnesses that appellee was qualified for the position in question would be helpful in the determination of this factual issue and therefore should be admitted. Fed.R.Evid. 701.

pellee did, discriminatory refusal to promote constitutes a continuing violation of Title VII. *See Pacific Maritime Ass'n v. Quinn,* 491 F.2d 1294, 1297 (9th Cir. 1974). Appellant responds that the district court did not find a continuing violation of Title VII and that such a finding would have been clearly erroneous.

Appellant stipulated to jurisdiction in the pretrial order. After losing on the merits, appellant renewed its objection to the timeliness of appellee's complaint. Because the objection is jurisdictional, we are bound to entertain it, notwithstanding appellant's prior stipulation. This does not mean, however, that appellant's pretrial stipulation is a nullity. Appellee alleged a continuing violation. Appellant was aware that proof of this allegation was essential to federal jurisdiction. Appellant's stipulation to jurisdiction therefore must be construed as an admission that the alleged unlawful employment practices were continuing, as appellee alleged.

 A stipulation of fact has the force of a finding. "[W]hen an admission or agreement concerning a factual issue is made at the pretrial conference and is incorporated in the court's pretrial order, that issue stands as fully determined as if it had been adjudicated after the taking of testimony at trial . . . ." 6 Wright, Federal Practice & Procedure § 1527 p. 605 (1971). This is true though the fact is jurisdictional. "[I]t is well settled that one may stipulate to facts from which jurisdiction may be inferred." *De La Maza v. United States,* 215 F.2d 138, 140 (9th Cir. 1954). While "[c]onsent of parties cannot give the courts of the United States jurisdiction, . . . the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." *Railway Co. v. Ramsey,* 22 Wall 322, 89 U.S. 322, 327, 22 L.Ed. 823 (1874). *Accord, United States v. Anderson,* 503 F.2d 420, 422 (6th Cir. 1974).

 The cases cited by appellant are not to the contrary. In *Mitchell v. Maurer,* 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 648 (1934); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 (3d Cir. 1975); *United States ex rel. Celanese Coatings v. Gullard,* 504 F.2d 466 (9th Cir. 1974), and *Zank v. Landon,* 205 F.2d 615, 616 (9th Cir. 1953), the jurisdictional defect appeared on the face of the record. In *Savarese v. Edrick Transfer,* 513 F.2d 140 (9th Cir. 1975), there was a finding of crucial jurisdictional fact; this court, while entertaining the belated jurisdictional objection, accepted the lower court's finding and affirmed the judgment. In the present case the stipulated jurisdictional fact is supported by evidence in the record that appellant was aware of appellee's continuing interest in promotion throughout the statutory period and refused to promote him.

The judgment is affirmed. Appellee's prayer for costs and attorneys' fees is granted, and the case remanded with the request that the district court determine reasonable attorneys' fees for the appeal.