**Donald Milton ORAND, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 77–3458.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1979.

Donald Milton Orand, Rose & Senders, Portland, Or., for petitioner-appellant.

William W. Youngman, Asst. U. S. Atty., Portland, Or., for respondent-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Orand was originally convicted of armed bank robbery. His conviction was affirmed and his petition for certiorari denied. *United States v. Orand,* 491 F.2d 1173 (9th Cir.), *cert. denied* 414 U.S. 1006, 94 S.Ct. 365, 38 L.Ed.2d 243 (1973). He filed a motion for modification of sentence, which was properly denied. He now appeals the denial of his § 2255 petition. We affirm.

---

* Of the District of Nevada.

· An evidentiary hearing on his § 2255 petition was held by a magistrate pursuant to Rule 8(b), Rules Governing Section 2255 Proceedings, and 28 U.S.C. § 636(b)(1)(B). The magistrate recommended denial of the petition and the district court adopted that recommendation. The issue here is whether a magistrate rather than a judge may conduct a post-conviction evidentiary hearing. We conclude that he may.

Orand cites *Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), which held that an article III judge rather than a magistrate must conduct a § 2254 evidentiary hearing. The Court reached that result by its reading of Congressional intent as revealed in the Magistrates Act, 28 U.S.C. §§ 631–39 (1970), and in 28 U.S.C. § 2243 (1970). *See* 418 U.S. at 469–74, 94 S.Ct. 2842.[1] In a per curiam decision, a panel of this court reversed and remanded a habeas corpus case for further proceedings before an article III judge in light of *Wingo*. *McCusker v. Cupp*, 506 F.2d 459, 460 (9th Cir. 1974).

In 1976, however, Congress amended the Magistrates Act in direct response to the holding in *Wingo*. Congress clearly expressed its intent that magistrates may conduct evidentiary hearings in post-conviction relief proceedings. 28 U.S.C. § 636(b)(1)(B) (1976).

The Fifth Circuit addressed the question presented here and held that, notwithstanding *Wingo* and *McCusker*, a magistrate may conduct an evidentiary hearing in a post-conviction proceeding:

> The legislative history to the 1976 statute clearly and firmly states the opinion of Congress that *Wingo* was wrongly decided and that the Supreme Court erroneously interpreted the intent of the earlier Congress which had adopted the Magistrates Act.

*White v. Estelle*, 556 F.2d 1366, 1367–68 (5th Cir. 1977) (citing H.R.Rep. No. 1609, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 6162–74).[2]

We adopt the analysis and holding of *White* that a magistrate may conduct a post-conviction evidentiary hearing.[3] It makes good sense and is efficient judicial administration to delegate responsibilities to magistrates who perform commendable work as part of the federal judicial system.

AFFIRMED.

---

1. The Court did not address any constitutional questions. 418 U.S. at 467 n.4, 94 S.Ct. 2842. Orand has not raised any constitutional grounds for his appeal, and we perceive no need to address any.

2. *Wingo*, *McCusker*, and *White* concerned § 2254 proceedings, involving state prisoner petitions. Orand is a federal prisoner petitioning under § 2255. This difference does not affect our holding here. Rule 8(b), Rules Governing Section 2255 Proceedings, and Rule 8(b), Rules Governing Section 2254 Proceedings, are identical. 28 U.S.C. § 636(b)(1)(B) (1976) refers to postconviction proceedings in general.

3. The *White* court held that Congress overruled *Wingo* and the court applied its holding retroactively. 556 F.2d at 1367–69. Because Orand's evidentiary hearing was held after the effective date of Rule 8(b) and 28 U.S.C. § 636(b)(1)(B) (1976), the retroactivity question is not presented here.