Donald Milton ORAND,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77–3458.

United States Court of Appeals,
Ninth Circuit.

Aug. 8, 1979.

As Corrected Aug. 14, 1979.

Donald Milton Orand, pro. per.

William W. Youngman, Asst. U. S. Atty., Portland, Or., on brief for United States.

Before WRIGHT and GOODWIN, Circuit Judges, and THOMPSON,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Our opinion of January 12, 1979, reported at 589 F.2d 472, is withdrawn. The mandate had been issued on February 6 but was recalled on March 26 when Orand was permitted to file a late petition for rehearing. The petition was granted. This opinion is substituted for the earlier one.

Orand's conviction for armed bank robbery was affirmed and his petition for writ of certiorari denied. *United States v. Orand,* 491 F.2d 1173 (9th Cir.), *cert. denied,* 414 U.S. 1006, 94 S.Ct. 365, 38 L.Ed.2d 243 (1973). His motion for modification of sentence was denied and he has appealed from the denial of his § 2255 petition. We reverse and remand.

An evidentiary hearing on his § 2255 petition was held by a magistrate under Rule 8(b), Rules Governing Section 2255 Proceedings, and 28 U.S.C. § 636(b)(1)(B). The magistrate recommended denial and the district court adopted that recommendation. We conclude, contrary to Orand's assertion, that a magistrate rather than a judge may conduct a postconviction evidentiary hearing.

Orand cites *Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), which held that an article III judge rather than a magistrate must conduct a § 2254 evidentiary hearing. The Court reached that result by its reading of congressional intent as revealed in the Magistrates Act, 28 U.S.C. §§ 631–639 (1970), and in 28 U.S.C. § 2243 (1970). *See* 418 U.S. at 469–

* Of the District of Nevada.

74, 94 S.Ct. 2842.[1] This court reversed and remanded a habeas corpus case for further proceedings before an article III judge in light of *Wingo. McCusker v. Cupp,* 506 F.2d 459, 460 (9th Cir. 1974).

In 1976, however, Congress amended the Magistrates Act in direct response to the holding in *Wingo.* Congress clearly expressed its intent that magistrates may conduct evidentiary hearings in postconviction relief proceedings. 28 U.S.C. § 636(b)(1)(B) (1976).

The Fifth Circuit addressed the question presented here and held that, notwithstanding *Wingo* and *McCusker,* a magistrate may conduct an evidentiary hearing in a postconviction proceeding:

> The legislative history to the 1976 statute clearly and firmly states the opinion of Congress that *Wingo* was wrongly decided and that the Supreme Court erroneously interpreted the intent of the earlier Congress which had adopted the Magistrates Act.

*White v. Estelle,* 556 F.2d 1366, 1367–68 (5th Cir. 1977) (citing H.R.Rep.No.1609, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 6162–74).[2]

■ We adopt the analysis and holding of *White* that a magistrate may conduct a postconviction evidentiary hearing.[3] It makes good sense and is efficient judicial administration to delegate responsibilities to magistrates who perform commendable work as part of the federal judicial system.

Commendable as that work may be, the statute explicitly requires the district court to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).[4] In *Campbell v. United States · District Court,* 501 F.2d 196 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974), decided before the 1976 amendments to § 636(b), this court adopted the following procedure:

> If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.
>
> The district court, on application, shall listen to the tape recording of the evidence and proceedings before the magistrate and consider the magistrate's proposed findings of fact and conclusions of law. The court shall make a *de novo* determination of the facts and the legal conclusions to be drawn therefrom.
>
> The court may call for and receive additional evidence. If it finds there is a problem as to the credibility of a witness or witnesses or for other good reasons, it may, in the exercise of its discretion, call and hear the testimony of a witness or witnesses in an adversary proceeding. It is not required to hear any witness and not required to hold a *de novo* hearing of the case.
>
> Finally, the court may accept, reject or modify the proposed findings or may enter new findings. It shall make the final determination of the facts and the final adjudication of the motion to suppress.

*Id.* at 206–07 (footnote omitted).

■ Although Orand filed written objections to the magistrate's report and recom-

---

1. The Court did not address any constitutional questions. 418 U.S. at 467 n.4, 94 S.Ct. 2842. Orand has raised no constitutional grounds for his appeal, and we perceive no need to address any.

2. *Wingo, McCusker,* and *White* concerned § 2254 proceedings involving state prisoner petitions. Orand is a federal prisoner petitioning under § 2255. This difference does not affect our holding here. Rule 8(b), Rules Governing Section 2255 Proceedings, and Rule 8(b), Rules Governing Section 2254 Proceedings, are identical. 28 U.S.C. § 636(b)(1)(B) (1976) refers to postconviction proceedings in general.

3. The *White* court held that Congress overruled *Wingo* and the court applied its holding retroactively. 556 F.2d at 1367–69. Because Orand's evidentiary hearing was held after the effective date of Rule 8(b) and 28 U.S.C. § 636(b)(1)(B) (1976), the retroactivity question is not presented here.

4. *Cf. Small v. Olympic Prefabricators, Inc.,* 588 F.2d 287, 292 (9th Cir. 1979) (the district court must first review the proceedings of a civil trial conducted by a magistrate before it can enter final judgment).

mendation, the district court did not make a de novo determination of the contested findings.

He contends and the government concedes that the district judge in this instance did not comply with the minimum requirements of *Campbell* and the 1976 amendments to § 636(b).[5] There were no tape recordings of the evidence and proceedings before the magistrate. The stenographic notes from the magistrate's hearing were not fully transcribed until November 18, 1977, three months after the district court adopted the magistrate's report and recommendation. Accordingly, we reverse and remand to allow the district court the opportunity to make a de novo determination of the facts and legal conclusions.

REVERSED AND REMANDED.

---

5. In *United States v. Raddatz,* 592 F.2d 976 (7th Cir. 1979), the Seventh Circuit held that in certain circumstances, due process may require a de novo hearing before an article III judge. *Cf. United States v. Bergera,* 512 F.2d 391, 392–94 (9th Cir. 1975) (if the district court rejects the magistrate's recommendation, the court must hear the testimony and see the evidence before deciding the motion).