**Carmine ESPOSITO, Defendant,**

**v.**

**John ADAMS, United States Marshal for the Northern District of Illinois, Respondent.**

**No. 87 C 5063.**

United States District Court, N.D. Illinois, E.D.

Oct. 7, 1988.

Philip C. Parenti, Chicago, Ill., for defendant.

Thomas A. Scorza, U.S. Atty., for respondent.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This case involves a request by the Republic of Italy for the extradition of Carmine Esposito. The extradition request is

---

predicated on nine warrants charging Esposito with murder, attempted murder, and complicity in murder. On March 12, 1987, after receiving a request from Italy for Esposito's provisional arrest, the United States obtained a warrant from Magistrate W. Thomas Rosemond, Jr. for Esposito's arrest pursuant to 18 U.S.C. § 3184[1] and Local General Rule 1.70(b)(1)(j).[2] On April 17, 1987, Italy formally requested Esposito's extradition. The magistrate held an extradition hearing on April 22 and 23, 1987, again pursuant to 18 U.S.C. § 3184 and General Rule 1.70(b)(1)(j). On June 12, 1987, the magistrate ordered that the matter be certified to the Secretary of State in order that a warrant may issue upon the requisition of the Republic of Italy.[3] Esposito then brought a petition for habeas corpus in this Court, which was denied (after an intervening remand to the magistrate for further factual determinations) on October 5, 1988.

■ Currently pending is Esposito's September 26, 1988 motion for immediate release and revocation of extradition order. That motion is predicated on documents which, according to Esposito, demonstrate that the warrants which form the basis of the extradition request have been revoked pursuant to the Italian Speedy Trial Act.[4] The Court *sua sponte* raised the issue of whether Esposito's motion had been brought in the proper forum. For the reasons described below, the Court finds that the motion is not properly before it.

In this District, it is the role of the magistrate rather than the district court judge to "conduct all necessary hearings" under an extradition treaty.[5] The decision of the magistrate is not subject to direct appeal. *Collins v. Miller*, 252 U.S. 364, 369, 40 S.Ct. 347, 349, 64 L.Ed. 616 (1920); *Eain v. Wilkes*, 641 F.2d 504, 508 (7th Cir.1981), *cert. denied*, 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2d Cir.1973). The only means of judicial review of the magistrate's order is through a petition for habeas corpus. *Eain*, 641 F.2d at 508; *Shapiro*, 478 F.2d at 901. "The scope of habeas corpus review in extradition cases is a limited one, according due deference to the magistrate's initial determination." *Eain*, 641 F.2d at 508. Such review encompasses only the questions of "whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any [competent] evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Id.* at 509, quoting *Fernandez v. Phillips*, 268

---

1. 18 U.S.C. § 3184 provides, in part:

     Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, *or any magistrate authorized* so to do by a court of the United States, ... may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. (Emphasis added.)

2. General Rule 1.70(b)(1)(j) of the United States District Court for the Northern District of Illinois provides that magistrates "are authorized" to "issue a warrant for the arrest of a fugitive from a foreign country and *conduct all necessary hearings* under the provisions of the proper treaty or convention. (18 U.S.C. § 3184.)" (Emphasis added.)

3. *See* 18 U.S.C. § 3184: "... If, on such hearing, [the magistrate] deems the evidence sufficient to sustain charge under the provisions of the proper treaty or convention, he shall certify the same ... to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention...."

4. Esposito's motion was the first instance in which the Italian Speedy Trial Act was brought to this Court's attention. That Act apparently does not require that a fugitive be extradited within a certain period of time, merely that the Republic of Italy try the fugitive *in absentia* within a certain period of time if he is not in the custody of the Italian government.

5. *See supra* nn. 1–2. *See also* General Rule 2.40(a), which provides that the matters specified in Rule 1.70(b)(1)(j) "*shall* be heard by the designated duty magistrate." (Emphasis added.)

U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). By an even more liberal extension, the Seventh Circuit has held that the Court on habeas corpus review may consider certain constitutional challenges to the magistrate's order. *See In re Burt*, 737 F.2d 1477, 1487 (7th Cir.1984).

Pursuant to these principles, the proper forum in which Esposito should challenge the extradition order based on new evidence concerning the status of the warrants is not this Court but rather the magistrate. Esposito's motion raises a factual issue which has never been brought to the magistrate's attention. It is thus specifically within the scope of the magistrate's powers as defined in 18 U.S.C. § 3184 and the Local General Rules. Similarly, it is not within the limited scope of this Court's habeas corpus review as defined in the case law.

Esposito has cited several cases in support of his argument that this Court should entertain his motion, but all of them are inapposite. First, he relies on 28 U.S.C. § 2243 [6] and *Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), which mandate that district courts, not magistrates, must hold evidentiary hearings in habeas corpus cases. A similar argument was effectively disposed of in *Jhirad v. Ferrandina*, 536 F.2d 478, 486 (2d Cir.), *cert. denied*, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976):

> [Petitioner] would thus impose a bifurcated structure on international extradition proceedings, conceding the authority of the magistrate under 18 U.S.C. § 3184 to conduct an evidentiary hearing prior to issuing the writ of extradition but denuding him of that power once the writ has been issued and review sought through the only available avenue of relief—a petition for habeas corpus. Such

an approach is supported neither by logic nor law. The impracticability of totally prohibiting the continued participation of the one judicial officer who, as here, is often most familiar with the underlying facts of the case is readily apparent. *Wingo v. Wedding, supra,* upon which [petitioner] relies as compelling this anomalous result, arose in the wholly different context of a domestic criminal prosecution and revolved around an interpretation of an entirely different statute, the Federal Magistrates Act, 28 U.S.C. § 636(b).

The different context in which *Wingo* arose is crucial. The district court itself received the petition for habeas corpus, and then referred the habeas case to a magistrate for hearing. *Wingo*, 418 U.S. at 465, 94 S.Ct. at 2845–46. The Supreme Court held that such a referral was prohibited by 28 U.S.C. § 2243. In contrast, an extradition proceeding is assigned *directly* to the magistrate by operation of 18 U.S.C. § 3184 and the Local General Rules; it is not referred to the magistrate in the discretion of a district court judge who has already received the matter.[7]

Esposito also relies on *McCusker v. Cupp*, 506 F.2d 459 (9th Cir.1974). *McCusker* held only that the parties could not waive the requirement that the district judge, rather than the magistrate, must conduct the evidentiary hearing. Like *Wingo*, *McCusker* did not involve extradition proceedings and thus does not apply to this case.

■ Esposito next argues that the recent developments have resulted in a lack of jurisdiction over him and that those developments may be considered in this Court because jurisdictional issues may be raised at any stage of judicial proceedings. In support of this argument, Esposito cites

---

6. 28 U.S.C. § 2243 provides, in part: "... *The Court* shall summarily hear and determine the facts, and dispose of the [habeas corpus] matter as law and justice require."

7. During argument on Esposito's motion, counsel appeared to appeal to this Court's discretion, urging that the case not be referred back to the magistrate. It must be emphasized that an extradition proceeding is procedurally very differ-

ent from the Court's referral of a pretrial matter to a magistrate pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72, in which circumstances the Court has discretion over whether to refer the matter to the magistrate. An extradition matter is assigned directly to the magistrate, leaving the district judge with no opportunity or ability to exercise any choice in the matter.

*Zank v. Landon,* 205 F.2d 615 (9th Cir. 1953), and *Tooisgah v. United States,* 186 F.2d 93 (10th Cir.1950). Contrary to Esposito's assertions, *Zank* did not involve a loss of jurisdiction due to the lack of a valid warrant. *Zank* involved the review of a deportation hearing in which the Immigration and Naturalization Service had held that Zank should be deported. Zank brought an action in federal district court for direct review of the INS determination. After the district court ruled against Zank, the Supreme Court held that deportation may not be challenged by such direct review, but only by habeas corpus. *Heikkila v. Barber,* 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953). On appeal, the court held that the district court did not have jurisdiction to hear Zank's case on direct review and ordered it to dismiss the action. 205 F.2d at 616. Here, unlike *Zank,* Esposito has not argued that the magistrate lacked subject matter jurisdiction to consider the extradition request.

*Tooisgah* is inapplicable for similar reasons. In *Tooisgah,* unlike this case, "no new or additional facts [were] sought to be injected into the case." 186 F.2d at 93. The question addressed by the court was merely whether, as a matter of law, there was exclusive federal jurisdiction over a homicide committed by a Native American. In this case, there is no issue of the jurisdiction of the federal judiciary over Esposito's extradition proceedings.

Finally, Esposito relies on *Wirth v. Surles,* 562 F.2d 319 (4th Cir.1977), which involved a civil rights lawsuit pursuant to 42 U.S.C. § 1983. The plaintiff alleged that he had been taken into custody in Georgia by a South Carolina police officer, who then transported him to South Carolina without following interstate extradition proceedings. The court held that the plaintiff stated a cause of action. Esposito emphasizes the court's statement that the requirement that the person whose extradition is demanded "is substantially charged with a crime . . . is a question of law, and is always open, upon the face of the papers, to judicial inquiry, on an application for a discharge under a writ of *habeas corpus.*" 562 F.2d at 322, quoting *Roberts v. Reilly,*

116 U.S. 80, 95, 6 S.Ct. 291, 299–300, 29 L.Ed. 544 (1885). In *Wirth,* however, the plaintiff had never been brought before a magistrate for a hearing as required by Georgia law. Here, in contrast, the proper extradition procedures have been followed, and this Court has already rejected Esposito's challenges to the validity of the magistrate's extradition order. *Wirth* and *Roberts* held that the court may review by habeas corpus the actions of the state in determining that a fugitive should be extradited. Here, Esposito argues not that the Court should review an erroneous legal determination of extradition but that it should decide, in the first instance, that a properly issued extradition order should be overturned based on new factual evidence. *Wirth* thus tends to refute Esposito's position rather than support it.

Thus none of the authorities cited by Esposito support this Court's authority to hear his motion for immediate release. Esposito's motion raises a factual issue which falls within the scope of the magistrate's duties under 18 U.S.C. § 3184 and the Local General Rules. The motion was simply brought in the wrong form, and it cannot be considered by this Court. The motion is therefore denied.