967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. CAIN, Plaintiff-Appellee,
v.
Michael P.W. STONE, Secretary of the Army, and the
Department of the Army, Defendants-Appellants.
 No. 91-35276.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 1, 1992.
Decided July 6, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 1. Timeliness
 
 2
 The Secretary argues that Cain's claim that his race was a determinative factor in Goheen's grade classification is barred by Title VII's statute of limitations. See 42 U.S.C. § 2000e-16(c). Cain acknowledges that he did not appeal the classification or file a discrimination complaint in a timely manner, but argues that the classification is part of a "continuing violation" that includes Retherford's decision to consolidate Force Modernization duties in the Strength Accounting Branch.
 
 
 3
 Under the continuing violation doctrine, a systematic policy of discrimination is actionable even if some events occurred prior to the limitations period. See Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). Cain may establish such a violation " 'not only by demonstrating ... [an employer] wide policy or practice, but also by demonstrating a series of related acts against a single individual.' " Id. (quoting Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir.1989)).
 
 
 4
 We have reviewed the district court's findings and are unable to determine the basis of its decision to reach the merits of Cain's claim. The findings do not specify the subject acts or the required relationship. See id. We therefore remand to the court to supply the missing findings. See Norris v. City and County of San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990) ("findings should be sufficiently clear and explicit so that [they] can be examined in the light of the evidence in the record and applicable legal principles") (internal quotation omitted). If no such findings are made, the court must dismiss Cain's claim as time-barred under section 2000e-16(c).
 
 2. Disparate treatment
 
 5
 The district court concluded that: (1) Cain's race was a determinative factor in Goheen's classification and Retherford's consolidation and (2) the Secretary's explanation of both actions is pretextual. We remand because we cannot determine whether the court properly applied the law to the facts of the case. See id.
 
 
 6
 In Norris, we discussed at length the district court's obligation in Title VII cases to make specific findings that respond to the concerns of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). See 900 F.2d at 1329-32. Specifically:
 
 
 7
 Under McDonnell Douglas and Burdine, the plaintiff must first prove a prima facie case of discrimination by a preponderance of the evidence. Once a prima facie case has been established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. If the defendant meets this burden of production, then the plaintiff must be afforded the opportunity to show that the employer's proffered rationale is pretextual and that the disputed action was in fact motivated by impermissible discrimination. McDonnell Douglas, 411 U.S. at 802-04; Burdine, 450 U.S. at 252-56.
 
 
 8
 Norris, 900 F.2d at 1329. We also stressed that "[t]he purposes behind the shifting burdens of [production] in Title VII cases cannot be served if the district court does not address these intermediate issues." Id.
 
 
 9
 To establish a prima facie case of disparate treatment, Cain must offer direct proof of intentional discrimination or evidence that indicates more likely than not that the Secretary's actions were based on an unlawful criterion. See Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir.1988). Although there is testimony that all other civilian employees who performed Force Modernization duties were White and were compensated at grade GS-9 or above, there also is testimony that these employees' responsibilities were more "analytical" and Cain's were more "technical." The Secretary also explained why Force Modernization duties were consolidated in the Strength Accounting Branch. The district court should have "evaluated the plausibility of each of the explanations proffered by the [Secretary]." Norris, 900 F.2d at 1330. We therefore remand to the court to supply the missing findings. See id. at 1331 ("Without specific findings ... we cannot meaningfully review the district court's conclusion that the [Secretary's] asserted rationale was not pretextual.").
 
 3. Back pay
 
 10
 The court's findings indicate that the Secretary's liability for back pay was computed from September, 1984, forward. Since Cain filed his EEOC complaint on January 12, 1988, the Secretary's liability, if any, cannot begin to accrue prior to January 12, 1986. See 42 U.S.C. § 2000e-5(g). The district court can properly consider events prior to January 12, 1986, in determining the proper compensation grade and step, see Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 589 F.2d 974, 976 (9th Cir.1978), but liability cannot begin to accrue until that date. Since the Secretary has compensated Cain at grade GS-7, step 10, pending this appeal, the case must be remanded so that back pay can be recomputed. In doing so, the court is instructed to determine back pay from January 12, 1986, forward.
 
 4. Thomas Meeks' testimony
 
 11
 The district court did not abuse its discretion. See Jauregui, 852 F.2d at 1132 (standard of review). Cain acknowledged that Benn and others performing Force Modernization duties may have competed for their positions. Goheen testified that Benn's responsibilities were more complex than those performed by Cain. And, Nielson testified that Benn acquired her position through the competitive examination process. The district court could properly conclude that the probative value of Meeks' testimony was "substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.
 
 5. Department of the Army
 
 12
 Cain could properly name as a defendant the Secretary of the Army, but could not similarly name the Department of the Army. See 42 U.S.C. § 2000e-16(c); Koucky v. Dept. of Navy, 820 F.2d 300, 301-302 (9th Cir.1987). On remand, the district court is instructed to dismiss the Department of the Army as a defendant.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED TO PROVIDE MISSING FINDINGS REGARDING CONTINUING VIOLATION AND DISPARATE TREATMENT, COMPUTE BACK PAY FROM JANUARY 12, 1986, FORWARD, AND DISMISS AS A DEFENDANT THE DEPARTMENT OF THE ARMY.
 
 
 14
 Each party shall bear his own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3