**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-65CB, Mortgage Pass-Through Certificates, Series 2005-65CB,<br><br>    Plaintiff-Counter-Defendant-Appellee,<br><br> v.<br><br>SOUTHERN TERRACE HOMEOWNERS ASSOCIATION; et al.,<br><br>    Defendants,<br><br> and<br><br>9783 COLORED WIND TRUST,<br><br>    Defendant-Counter-Claimant-Appellant. | No.   20-15605<br><br>D.C. No.<br>2:17-cv-00984-KJD-EJY<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 7, 2021[]
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

Defendant 9783 Colored Wind Trust timely appeals the summary judgment entered in favor of Plaintiff Bank of New York Mellon.  The district court declared that Defendant's interest in a parcel of real property in Nevada remains subject to Plaintiff's deed of trust.  Reviewing de novo, U.S. Bank, N.A. v. White Horse Estates Homeowners Ass'n, 987 F.3d 858, 862 (9th Cir. 2021), we affirm.

1.  The district court properly exercised subject matter jurisdiction.  Plaintiff is a citizen of New York.  Plaintiff alleged that Defendant is not a citizen of New York.  By failing to respond to Plaintiff's request for admissions, Defendant admitted that it is not a citizen of New York.  Fed. R. Civ. P. 36(b), (a)(3).  The admitted fact is "conclusively established" unless Defendant moves for permission to withdraw the admission.  Fed. R. Civ. P. 36(b).  Before us, Defendant declined to acknowledge the admission, and Defendant has not asked us for permission to withdraw or for a remand to allow the district court to consider such a motion.  In the circumstances, we are unpersuaded that Defendant is entitled to raise new factual allegations contrary to its conclusive admission.  See Verzosa v. Merrill

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lynch, Pierce, Fenner & Smith, Inc., 589 F.2d 974, 977 (9th Cir. 1978) (per curiam) ("While '(c)onsent of parties cannot give the courts of the United States jurisdiction, . . . the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.'" (quoting Railway Co. v. Ramsey, 89 U.S. (22 Wall.) 322, 327 (1874) (alterations in original))); see also Schnabel v. Lui, 302 F.3d 1023, 1032 (9th Cir. 2002) (affirming the district court's exercise of jurisdiction where "[i]nformation regarding [Defendant's citizenship] was uniquely within Defendants' capacity to ascertain" and where Defendants "failed to raise a factual contention in the district court, which if proved would deprive the court of subject matter jurisdiction"). The other defendants likewise are not citizens of New York.

2. Defendant forfeited the argument, raised for the first time on appeal, that a genuine issue of material fact exists as to whether Plaintiff delivered a check to the homeowners association's agent. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007); Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).

3. The district court correctly held that the tender did not contain an improper condition. Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam); Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 118 (Nev. 2018) (en banc). Because it is

undisputed that the lien contained no nuisance or maintenance abatement charges, the allegedly incorrect statement of law in the letter was irrelevant.

4. The district court correctly held that "a valid tender cures a default <u>by operation of law</u>—that is, without regard to equitable considerations." <u>Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC</u>, 478 P.3d 376, 379 (Nev. 2020) (en banc) (internal quotation marks omitted).

**AFFIRMED.**