Gene N. BOWMAN, Sr., Appellant,

v.

Donald E. BORDENKIRCHER, Jr.,
Warden of the West Virginia
State Penitentiary, Appellee.

No. 74–1018.

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1975.

Decided Aug. 4, 1975.

John F. O'Donnell, student counsel (Larry J. Ritchie, Washington, D. C., court-appointed, Raymond A. Jacobsen, Jr., student counsel, and Georgetown University Law Center, on brief), for appellant.

E. Leslie Hoffman, III, Asst. Atty. Gen. (Chauncey H. Browning, Jr., Atty. Gen., and Richard E. Hardison, Deputy Atty. Gen., on brief), for appellee.

Before WINTER and WIDENER, Circuit Judges, and THOMSEN, Senior District Judge.

THOMSEN, Senior District Judge.

Petitioner below (Bowman) appeals from the denial by the district court of the relief requested in his petition for habeas corpus challenging his conviction of first degree murder after a jury trial in a state court in West Virginia. Along with his pro se petition, which was quite articulate, Bowman sent to the district court several exhibits, including a printed transcript of the proceedings at his trial.

Bowman's petition was referred by the district judge to a magistrate, who reviewed the petition, the trial transcript and the other exhibits filed by petitioner. On October 10, 1973, the magistrate sent to the district judge his "Report-Recommendation", in which he discussed all grounds for relief asserted by Bowman, and recommended to the district judge that the relief requested be denied, without requiring an answer or a hearing. On October 16 the district judge entered an order in which he stated that he had carefully gone over the petition, and reviewed the report and recommendation of the magistrate and all material relevant thereto, and ordered that the report and recommendation be filed and approved, and that the petition and the relief sought be denied.

## I

Bowman challenges this procedure, arguing: (1) that it involves an unconstitutional delegation of judicial power to a non-judicial officer; (2) that a magistrate has no authority to decide substantive issues of law; (3) that the district judge must conduct an independent review of the petition, personally inspect the state court record and all other documents which may be relevant to the controversy, and review the magistrate's report and recommendation to be sure that it is full and fair to both sides; and (4) that an opportunity should be given to petitioner to comment upon the magistrate's report after it has been submitted.

■ (1) No judicial power was delegated to the magistrate; he was asked to do and did no more than judges' law clerks customarily do.

■ (2) The magistrate did not decide any substantive issue of law, but recommended to the judge how the issues should be decided, again as law clerks customarily do.

■ (3) We agree that the judge must himself review the entire record before the district court, consider the magistrate's report, and satisfy himself that the recommended disposition is fair and proper. In this case the district judge stated in his order that he had done so. There was no unconstitutional delegation of judicial power. *United States ex rel. Henderson v. Brierley*, 468 F.2d 1193 (3 Cir. 1972).

■ (4) Where, as in this case, the only material considered by the magistrate was the material submitted by petitioner, there is no more reason for the judge to submit the magistrate's recommendation to the petitioner than there would be for the judge to submit his law clerk's recommendation to the petitioner. If the judge concludes that any additional facts or arguments should be obtained from the petitioner or from the respondent, he may order that such material be supplied and allow the opposite party to reply to any such material.

## II

On this appeal, counsel for Bowman also presses four points raised by the petition.

■ (1) He argues that the jury should have been sequestered because of alleged prejudicial publicity. The West Virginia Code[1] grants discretion to the trial judge with respect to sequestration, and the judge gave the jury suitable instructions as to their conduct. The allegations of the petition and the newspaper article attached thereto as an exhibit show no such lack of fundamental fair-

---

1. Ch. 62, Art. 3, Sec. 6.

ness as would violate the Fourteenth Amendment.

■ (2) We find no deprivation of due process in the instructions given the jury, which fairly stated the applicable legal principles, and did not deprive plaintiff of the presumption of innocence. The Supreme Court of Appeals of West Virginia so ruled. *State v. Bowman*, W.Va., 184 S.E.2d 314, 317 (1971).

■ (3) Nor was Bowman deprived of any constitutional right because no preliminary hearing was held. *Braxton v. Peyton*, 365 F.2d 563 (4 Cir. 1966); *United States v. Anderson*, 481 F.2d 685 (4 Cir. 1973); *Guthrie v. Boles*, 261 F.Supp. 852 (N.D.W.Va.1967). A preliminary hearing was scheduled but was postponed to accommodate defendant's attorney. When it was rescheduled the following week, the evidence had been sent to the grand jury, which was holding a periodic session.

■ (4) There is no merit in Bowman's contention that failure of the trial court to fully and plainly inform him of the nature and cause of the accusation against him deprived him of his constitutional rights. Not only does the transcript of the proceedings at his trial show that Bowman waived the reading of the indictment, it also shows that he was advised by the trial judge of the nature of the charge. Moreover, it is not disputed that Bowman's attorney had a copy of the indictment several months before the trial and that Bowman himself made an affidavit in support of a plea in abatement which challenged the sufficiency of the indictment.

We have examined the other allegations in the petition and find no error in the denial of relief.

Affirmed.