Erskine **CAMPBELL**, Petitioner,

v.

**William D. LEEKE, and The Attorney General of the State of South Carolina, Respondents.**

**Civ. A. No. 80–2195–8.**

United States District Court, D. South Carolina, Columbia Division.

March 12, 1982.

Daniel R. McLeod, Atty. Gen., State of South Carolina, Columbia, S.C., for respondents.

## ORDER

BLATT, District Judge.

This habeas corpus action, brought pursuant to 28 U.S.C. § 2254, is before this court upon respondents' motion for summary judgment, to which petitioner has responded with a memorandum in opposition. Petitioner challenges his incarceration by South Carolina authorities on the grounds that he is being held in violation of the Constitution, laws, or treaties of the United States. The record includes a report and recommendation of the United States Magistrate made in accordance with the local rule of this District concerning reference of prisoner cases under 28 U.S.C. § 636(b)(1)(B). *In the Matter of Authority of United States Magistrates*, Rule 3(a) (May 9, 1977) (local rule). *See, e.g., Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974); *Mitchell v. Beaubouef*, 581 F.2d 412 (5th Cir. 1978), *reh. denied*, 586 F.2d 842 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Schleicher v. Wyrick*, 529 F.2d 906 (8th Cir. 1976); *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). Although the Magistrate's recommendation is of immeasurable assistance to the court, "the judge must himself review the entire record ... and satisfy himself the recommended disposition is fair and proper." *Bowman v. Borden-*

*kircher*, 522 F.2d 209, 210 (4th Cir. 1975). Moreover, under 28 U.S.C. § 636,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b). *E.g., Blasingame v. Estelle*, 604 F.2d 893 (5th Cir. 1979); *Orand v. United States*, 602 F.2d 207 (9th Cir. 1979); *United States v. Raddatz*, 592 F.2d 976 (7th Cir. 1979). *See also* Rule 8(b)(4), Rules Governing Section 2254 Cases. Thus, while the level of scrutiny involved in the district court's review of the report and recommendation of the magistrate depends on whether objections thereto have been filed, *e.g., Webb v. Califano*, 468 F.2d 825 (E.D.Cal. 1979), in either case "the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations." *United States ex rel. Henderson v. Brierley*, 468 F.2d 1193 (3d Cir. 1972). *See Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). In the instant case, respondents have objected to certain portions of the magistrate's report; the contested findings and recommendations of that report have been accorded the *de novo* review mandated by 28 U.S.C. § 636(b), Rule 8(b)(4) of the Rules Governing Section 2254 Cases, and the relevant case law, and the remainder of the record has been reviewed to assure that the magistrate's findings and recommendations were just and proper.

## FINDINGS OF FACT

A review of the record indicates that the magistrate's report accurately summarizes the facts of this case, and that report is hereby incorporated into this order by specific reference thereto. On March 6, 1978, petitioner, represented by Redmond Coyle, Public Defender for Pickens County, entered a plea of guilty to a charge of armed

robbery, and he was sentenced by the Honorable John T. Gentry, Presiding Judge, to a period of incarceration of twenty-five (25) years. Petitioner did not seek appellate review of this sentence.

On December 8, 1978, and March 26, 1979, petitioner filed amended applications for state post-conviction relief,[1] alleging the following grounds for relief:

(1) That his conviction and sentence are unlawful and illegal.

(2) That his plea of guilty was not intelligently entered.

(3) That he was denied the effective assistance of counsel.

(4) That he was tricked into signing a statement of confession by the Greenville City Police.

(5) That he was not advised of his right to appeal.

At the request of respondent, a hearing was conducted on April 23, 1979, during which petitioner was represented by Henry Floyd, his court-appointed attorney. *See* Transcript of Post-Conviction Relief Hearing, Transcript of Record at 66–116. On June 11, 1979, the Honorable James H. Price, Jr. issued an order dismissing petitioner's application in its entirety. Transcript of Record at 141. Judge Price addressed all bases for relief advanced by petitioner, holding, *inter alia*, that his "plea was voluntarily and intelligently entered," *id.* at 143, and that "[t]he representation afforded ... [applicant] was well within the normal range of competency of criminal attorneys."[2] *Id.* at 144.

Following the denial of his application for post-conviction relief, petitioner perfected an appeal to the South Carolina Supreme Court. *Id.* at 148. The exceptions advanced by petitioner-appellant, through his court-appointed attorney, Tara D. Shurling, Staff Attorney for the South Carolina Appellate Defense Commission, were (1) that petitioner was denied the effective assistance of counsel, (2) that his plea of guilty was not voluntarily or intelligently entered, and (3) that he was deceived into signing the confession drawn by the Greenville City Police. *Id.* at 149. The factual argument propounded to the Supreme Court by petitioner in support of his allegation of ineffective assistance of counsel focused *solely* on "the failure of his trial counsel to adequately inform him of his alternatives concerning a statement which was not voluntarily made." Brief of Appellant at 3. The argument previously advanced in the post-conviction relief hearing concerning the insufficient investigation and preparation of the case, see note 2, *supra*, was not raised before the South Carolina Supreme Court. *See* Brief of Appellant at 3–6. On April 8, 1980, the Supreme Court dismissed petitioner's appeal:

> After a careful consideration of the record and briefs, we are of the opinion that no error of the law is present, and that a full written opinion would be without precedential value. Accordingly, the judgment of the lower court is affirmed under Rule 23 of the Rules of Practice of this Court.

*Campbell v. State of South Carolina*, No. 80–MO–113 at 1 (S.C.Sup.Ct. April 8, 1980).

On November 14, 1980, petitioner filed an application for habeas corpus relief with this court, raising questions concerning both the voluntariness of his plea and the effectiveness of his counsel's assistance. Application for Habeas Corpus Relief at 4. In contrast to his argument before the South Carolina Supreme Court, the factual argument advanced to this court, through his attorney, Vance L. Cowden, focuses *solely* on trial counsel's "total lack of investigation ...." Memorandum in Support of Petition

---

1. Petitioner initially filed an application for state post-conviction relief on April 21, 1978. However, on August 25, 1978, respondent requested that the application be dismissed for lack of specificity; that request was granted on August 29, 1978, and the original application was dismissed.

2. In discussing this issue, Judge Price specifically confronted petitioner's assertion that his attorney did not have sufficient time to consult with petitioner and to investigate and prepare the case. Transcript of Record at 143–44; *see* Amended Application for Post-Conviction Relief, Transcript of Record at 47.

for Writ of Habeas Corpus at 3. *See id.* at 2 7; Application for Habeas Corpus Relief at 4. *See also* Memorandum in Opposition to Motion for Summary Judgment. On April 28, 1981, based on the failure of trial counsel "to confer with his client without undue delay or [to] investigate the case and prepare a defense," Report at 9, the United States Magistrate recommended that the petitioner be granted a new trial or released from custody. *Id.*

▪▪ After a careful review of the record, this court is convinced that certain procedural defects created by the inconsistency of the factual arguments underlying petitioner's assertion of ineffective assistance of counsel prevent the court from addressing the merits of his claim. Petitioner's allegations of ineffective assistance of counsel have been characterized by a marked inconsistency, with petitioner relying on different factual arguments before the various forums. More specifically, the particular factual argument upon which petitioner relies before this court concerning trial counsel's insufficient preparation of the case was presented in the post-conviction relief hearing, see note 2, *supra*, but was not presented to the South Carolina Supreme Court. See Brief of Appellant. Since the ineffective assistance of counsel claim advanced to the South Carolina Supreme Court was significantly different from the ineffective assistance of counsel claim advanced to this court, petitioner has failed to exhaust his state remedies. *E.g., Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Grace v. Butterworth,* 635 F.2d 1 (1st Cir. 1980); *Gilstrap v. Godwin,* 517 F.2d 52 (4th Cir. 1975); *James v. Copinger,* 428 F.2d 235 (4th Cir. 1970). "Although [petitioner] presented his ... claim to the South Carolina circuit court, that claim was not 'fairly presented' to the South Carolina Supreme Court on the merits." *Strader v. Bunch,* 673 F.2d 1317 (4th Cir. 1982) (unpublished opinion), *quoting Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Petitioner's failure to exhaust his state remedies precludes this court from considering the merits of his claim. More-

over, petitioner's substitution of a different factual argument in support of his ineffective assistance of counsel claim before the South Carolina Supreme Court may constitute an abandonment of his prior factual claim.

In addressing the issues raised by petitioner, this court must also heed the recent pronouncement of the United States Supreme Court concerning the scope of review under 28 U.S.C. § 2254. In *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the Supreme Court, after thoroughly examining the legislative history of 28 U.S.C. § 2254 and its predecessor statute, the Habeas Corpus Act of 1867, as well as the trend of decisional law which culminated in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), concluded that state court determinations of the factual circumstances surrounding alleged constitutional errors are entitled to a "presumption of correctness" in habeas corpus cases. Subsection (d) of § 2254 provides:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

28 U.S.C. § 2254(d). Justice Rehnquist, speaking for a majority of the Court, emphasized that " 'the burden shall rest on the applicant to establish *by convincing evidence* that the factual determination by the State court was erroneous.' " *Sumner v. Mata,* 101 S.Ct. at 768 (emphasis in original).

■ In the present case, petitioner has attempted to discharge his procedural burden under 28 U.S.C. § 2254(d) and *Sumner v. Mata* by asserting that he did not receive a full, fair, and adequate hearing in the state court proceeding, 28 U.S.C. § 2254(d)(6), and that the state court's determination is not supported by the record, *id.* § 2254(d)(8). Memorandum in Opposition to Motion for Summary Judgment at 1. However, a careful review of the procedural aspects of the record clearly reveals that these assertions are groundless. The record indicates unequivocally that petitioner received a full, fair, and adequate hearing on all issues presented by him to the state courts and that the South Carolina Supreme Court's determination of the issues as presented by petitioner are supported by the record. The failure of the South Carolina Supreme Court to address the ineffective assistance of counsel claim advanced to this court concerning trial counsel's inadequate preparation of the case is wholly attributable to petitioner's failure to raise the claim before that court. Under these circumstances, petitioner has failed to discharge his procedural burden under 28 U.S.C. § 2254(d) and *Sumner v. Mata,* and, therefore, this court is precluded from disturbing the findings of the state courts.

For the foregoing reasons, this court declines to address the merits of petitioner's claim, and the petition is hereby dismissed.[3]

AND IT IS SO ORDERED.

---

**3.** This court also feels compelled to note that petitioner has never contested the fact of his guilt or the correctness of his confession; "[i]n the past, courts have gone to extraordinary lengths in the name of liberty to free guilty people on technicalities ..., [but u]nder the facts of this case, we refuse to adopt that practice." *Anderson v. Warden, Maryland Penitentiary,* 670 F.2d 1339 at 1342 (4th Cir. 1982).