**Gloria Ann MIXON, Petitioner,**

v.

**The ATTORNEY GENERAL OF the STATE OF SOUTH CAROLINA, Respondent.**

**Civ. A. No. 81–682–8.**

United States District Court,
D. South Carolina,
Columbia Division.

April 13, 1982.

Deborah A. Lindberg, Columbia, S. C., for petitioner.

Daniel R. McLeod, Atty. Gen., of S. C., Columbia, S. C., for respondent.

## ORDER

BLATT, District Judge.

■ This habeas corpus action, brought pursuant to 28 U.S.C. § 2254, is before the court upon respondent's motion for summary judgment, to which petitioner has responded after an appropriate warning under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner challenges her incarceration by South Carolina authorities on the grounds that she is being held in violation of the Constitution, laws, or treaties of the United States. The record includes a report and recommendation of the United States Magistrate made in accordance with the local rule of this District concerning reference of prisoner cases under 28 U.S.C. § 636(b)(1)(B). *In the Matter of Authority of United States Magistrates*, Rule 3(a) (May 9, 1977) (local rule). *See, e.g., Wingo v. Wedding*, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974); *Mitchell v. Beaubouef*, 581 F.2d 412 (5th Cir. 1978), *reh. denied*, 586 F.2d 842 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072

(1979); *Schleicher v. Wyrick*, 529 F.2d 906 (8th Cir. 1976); *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). Under 28 U.S.C. § 636,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b). *E.g., Blasingame v. Estelle*, 604 F.2d 893 (5th Cir. 1979); *Orand v. United States*, 602 F.2d 207 (9th Cir. 1979); *United States v. Raddatz*, 592 F.2d 976 (7th Cir. 1979). *See also* Rule 8(b)(4), Rules Governing Section 2254 Cases. Absent timely objection from a dissatisfied party, however, the scope of this court's review of the magistrate's report is more limited. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). *See* 28 U.S.C. § 636(b)(1)(B); *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). *Cf. United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) (failure to object to magistrate's report constitutes a waiver of right to appeal from district court's order adopting that report). Nonetheless, while the level of scrutiny entailed by the district court's review of the report and recommendation of the magistrate depends on whether objections thereto have been filed, *e.g., Webb v. Califano*, 468 F.Supp. 825 (D.C.E.D.Cal. 1979), in either case "the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations." *United States ex rel. Henderson v. Brierley*, 468 F.2d 1193 (3rd Cir.

1972). *See Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). In the instant case, plaintiff did not advance any objections to the magistrate's report.

After a careful review of the record, this court finds the magistrate's report to be an accurate summary of the facts in the instant case, and that report is incorporated into this order by specific reference thereto. In September, 1979, petitioner and two other individuals, Cecil Collins and Larry Smith,[1] were indicted by the Florence County Grand Jury on the charge of possession of phencyclidine (PCP) with intent to distribute. On October 5, 1979, petitioner, through her retained counsel, Frederick K. Jones, filed a pretrial motion for the production of evidence favorable to her under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner's case went to trial before the Honorable John Hamilton Smith beginning on December 5, 1979; she was convicted on the possession with intent to distribute charge and sentenced to custody for five (5) years. On December 10, 1979, however, petitioner moved for a new trial based upon the State's failure to provide her with a copy of a statement by Collins that she asserted fell within the scope of her *Brady* motion;[2] that motion was granted by Judge Smith. The State appealed that order to the South Carolina Supreme Court, which reversed the trial court's decision. *State v. Mixon*, 274 S.E.2d 406 (S.C.1981). Subsequently, petitioner filed the present action, based solely on the withholding of "exculpatory information following a Brady motion . . . ." Application for Writ of Habeas Corpus at 4.

---

1. Mr. Smith subsequently pled guilty to a charge of simple possession and was not called as a witness at petitioner's trial; the case against Mr. Collins was *nol prossed* by the solicitor and he also did not testify at petitioner's trial.

2. The allegedly favorable statement of Mr. Collins reads as follows:

> Larry Smith pulls up and Gloria says—I'm leaving the parking lot—Gloria says stop. Said I know this guy. So I stopped and he comes over and gets in the car. And that, they begin to talk. Okay, Larry Smith says well I have some THC. Do you want some Gloria? She says no and he looks at me and he says do you want some? I said no, definitely not.

Transcript at 178. At her trial, petitioner testified that she never had any conversation with Mr. Smith concerning PCP. *Id.* at 131. *See* Magistrate's Report at 4.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that, irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a defendant who has requested it violates due process where such evidence is material to either guilt or punishment. *Brady* imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence that is materially favorable to the accused, either as direct or impeaching evidence. *Brady* is not a rule of discovery; it is a rule of fairness and minimum prosecutorial obligation. *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979) *citing United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). *See also United States v. Campagnuolo*, 592 F.2d 852, 859 (5th Cir. 1979). The obligation to disclose is measured by the "character of the evidence, not the character of the prosecutor." *Agurs*, 427 U.S. at 110, 96 S.Ct. at 2400.

The *Agurs* decision, following *Brady*, articulated three distinct situations to which the *Brady* doctrine may be applicable. 427 U.S. at 103–106, 96 S.Ct. at 2397–2398. The defense need only demonstrate that the prosecutor suppressed material evidence favorable to the defendant in order to establish a violation of one of the three categories of nondisclosure cases set forth in *Agurs*. Each category requires a separate analysis, however, and has a distinct test for materiality to determine whether the alleged suppression was so fundamentally unfair as to deny the due process right of a fair trial. If the suppressed evidence is then found to be material, the conviction cannot stand.

■ Under the first category of nondisclosure discussed in *Agurs*, where the prosecution knew or should have known that its case contained perjured testimony, *e.g.*, *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), the test of materiality is so applied that the conviction will be set aside if there is "any reasonable likelihood" that the false testimony "could have

affected" the jury's judgment. *Agurs* 427 U.S. at 103, 96 S.Ct. at 2397; *United States v. Anderson*, 574 F.2d 1347, 1352–53 (5th Cir. 1978); *United States v. Hedgeman*, 564 F.2d 763, 766 (7th Cir. 1977), *cert. denied*, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978); *United States v. Brown*, 562 F.2d 1144, 1150 (9th Cir. 1977).

■ Under the second category of nondisclosure set forth in *Agurs*, where the prosecution fails to respond to a defendant's specific request for information, *e.g.*, *Brady v. Maryland*, a new trial must be granted if the suppressed evidence "might have affected the outcome." *Agurs* 427 U.S. at 104, 96 S.Ct. at 2397. *Monroe v. Blackburn*, 607 F.2d 148, 151–52 (5th Cir. 1979); *United States v. Goldberg*, 582 F.2d 483, 489–90 (9th Cir. 1978); *cert. denied*, 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1971); *United States v. Sutton*, 542 F.2d 1239, 1242–43 (4th Cir. 1976). The mere possibility that undisclosed information might have helped the defendant is, however, insufficient to establish "materiality." *United States v. Jackson*, 579 F.2d 553 (10th Cir. 1978) *cert. denied*, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978). Further, for the defense request under this category to be considered sufficiently specific, it must provide the prosecutor with notice of exactly what the defense desires. *Agurs* 427 U.S. at 106, 96 S.Ct. at 2398; *United States v. DiCarlo*, 575 F.2d 952, 959–60 (1st Cir. 1978); *cert. denied* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978); *Marzeno v. Gengler*, 574 F.2d 730, 736 (3rd Cir. 1978); *United States v. Mackey*, 571 F.2d 376, 389 (7th Cir. 1978); *United States v. McCrane*, 547 F.2d 204, 207–08 (3rd Cir. 1976).

■ In the third category of nondisclosure set out in *Agurs*, where the defendant fails to request, or only generally requests, exculpatory evidence, *e.g.*, *United States v. Agurs*, reversal is necessary only if the undisclosed evidence "creates a reasonable doubt that did not otherwise exist." *Agurs* 427 U.S. at 112, 96 S.Ct. at 2401; *United States v. Alberico*, 604 F.2d 1315 (10th Cir. 1979); *cert. denied*, 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422 (1979); *Galtieri v.*

*Wainwright,* 582 F.2d 348 (5th Cir. 1978); *Ostrer v. United States,* 577 F.2d 782, 786 (2nd Cir. 1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979); *United States v. DiCarlo; United States v. Mackey.* Thus, a greater showing of materiality is required when the request is absent or is general than when the request is specific.

Circuits vary on what constitutes a general request. A request for any material bearing adversely on the character and reputation of named witness has been deemed a general request. *Ostrer* at 786; also, a request for information relating to material inconsistencies between statements given by any person has been deemed a general request. *Mackey* at 389. In order to be deemed specific, the request must, minimally, focus on a particular witness. *Id.* Furthermore, it has been held that a defense request for "all *Brady* material or for anything exculpatory is equivalent to no request at all." *United States v. Weiner,* 578 F.2d 757, 767 (9th Cir. 1978), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978). In such a case, reversal is required only if undisclosed evidence creates a reasonable doubt as to defendant's guilt.

■ In all three *Agurs* categories, materiality is determined by evaluating all the evidence introduced at trial. *Agurs* 427 U.S. at 112, 96 S.Ct. at 2401. Reversal is not required where the defendant fails to establish materiality of suppressed evidence. *United States v. Parker,* 586 F.2d 422 (5th Cir. 1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979). *See also United States v. Friedman,* 593 F.2d 109 (9th Cir. 1979). The duty of disclosure under *Brady* obviously extends to the individual prosecutor and his office. *See United States v. Morell,* 524 F.2d 550 (2nd Cir. 1975). In general, that duty also extends to persons working as part of the prosecution team or intimately connected with the government's case, even if not employed in the prosecutor's office. *See Morell* at 555. Since the investigative officers are part of the prosecution, the taint on the trial is no less if they, rather than the prosecutor, are guilty of nondisclosure.

*United States v. Butler,* 567 F.2d 885 (9th Cir. 1978). *See also United States v. Deutsch,* 475 F.2d 55 (5th Cir. 1973).

■ In the present case, the South Carolina Supreme Court concluded that Collins' statement would not have affected the outcome of the trial. *State v. Mixon,* 274 S.E.2d 406, 410 (S.C.1981).

> There is no contention in this case that the State intentionally withheld information from the defense. It is certainly debatable as to whether the information alleged to have been withheld would have been in favor of Mixon in light of her own testimony. We are of the opinion that it would not have affected the result. If she did not know already that Collins knew that she did not accept an illegal drug from Smith, she could have obtained this information by merely talking with him.

*Id.* The court carefully articulated the reasoning behind this conclusion.

> A reading of the statements of Collins and Mixon on their face clearly shows that different drugs are referred to, thereby disputing the exculpatory value of Collins' statement. THC is, according to § 44–53–190, Code of Laws of South Carolina (1976), Tetrahydrocannabinol. It is a chemical substance found in marihuana and can be produced synthetically. PCP is more properly called Phencyclidine, a drug often used in veterinarian medicine as a tranquilizer. Even assuming that Collins intended to say PCP instead of THC, or assuming that the terms are used interchangeably in the drug culture, his statement would not benefit Mixon in that she testified that no such discussion even occurred. The effect of Collins' statement would be to directly challenge the credibility of Mixon. Mixon knew as well as anyone what transpired at the scene of the arrest. If she refused to accept illegal drugs (THC or PCP) in Collins' presence, she could not help but be aware that Collins had this information and could so testify. She should not be permitted to claim that she was surprised by the fact that Collins

would make the statement to the investigating officer. The contention that the defense expected the State to subpoena Collins has little appeal. The only reason for the State to subpoena Collins would be to have him testify that Mixon possessed the drugs. The record does not reflect any effort on the part of the defense to have Collins present at the trial. The gravamen of Mixon's contention is "If I had known that Collins stated that I refused to accept the drugs, I would have considered the advisability of subpoenaeing him."

*Id.* at 409. The specific finding of the South Carolina Supreme Court that the evidence "would not have affected the result" of the trial, *id.* at 410, with which this court concurs, would preclude reversal under the standard enunciated in *United States v. Agurs.*

In addition to the guidance provided by *Brady* and *Agurs* in resolving the merits of this issue, the court must also heed the recent pronouncement of the United States Supreme Court concerning the scope of review under 28 U.S.C. § 2254. In *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the Supreme Court, after thoroughly examining the legislative history of 28 U.S.C. § 2254, and its predecessor statute, the Habeas Corpus Act of 1867, as well as the trend of decisional law which culminated in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), concluded that state court determinations of the factual circumstances surrounding alleged constitutional errors are entitled to a "presumption of correctness" in habeas corpus cases. Subsection (d) of § 2254 provides:

> In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

> (1) that the merits of the factual dispute were not resolved in the State court hearing;

> (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

> (3) that the material facts were not adequately developed at the State court hearing;

> (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

> (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

> (6) that the applicant did not receive a full, fair and adequate hearing in the State court proceeding; or

> (7) that the applicant was otherwise denied due process of law in the State court proceeding;

> (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

> And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph

numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

28 U.S.C. § 2254(d). Justice Renquist, speaking for a majority of the Court, emphasized that " 'the burden shall rest on the applicant to establish *by convincing evidence* that the factual determination by the State court was erroneous.' " *Sumner v. Mata*, 449 U.S. at 550, 101 S.Ct. at 771 (emphasis in original). Therefore, in reviewing the petitioner's allegations in the present case, this court must pay deference to the factual determinations of the state court as mandated by 28 U.S.C. § 2254(d) and *Sumner v. Mata*. There is nothing in the record that suggests that the state court decision on this issue is susceptible to attack under 28 U.S.C. § 2254(d), or that petitioner has discharged the burden placed on her by that section and *Sumner v. Mata*.

For the foregoing reasons, as well as those advanced in the magistrate's report, respondent's motion for summary judgment is granted, and the petition is hereby dismissed.

AND IT IS SO ORDERED.