Kevin NESMITH, a minor and Through his next of friend, Amelia NESMITH, Plaintiff,

v.

Major General James A. GRIMSLEY, Jr.; Lieutenant Colonel Harvey M. Dick; Colonel Arthur E. Edwards, III; Steven A. Webb; Jeffrey D. Plumley; Paul L. Koss; Jimmy M. Biggerstaff; and Maurice F. Bostic, Jr., Defendants.

Civ. A. No. 2:86–3248–8.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 7, 1988.

Synthia R. Glover, Charleston, S.C., Willie Abrams, NAACP Special Contributions Fund, Baltimore, Md., for plaintiff.

M. Dawes Cooke, George E. Campsen, Jr., David B. Summer, Jr., David B. McCormack, W. Jefferson Leath, III, A. Hoyt Rowell, III, Allan R. Holmes, Charleston, S.C., for defendants.

### ORDER

BLATT, Chief Judge.

This matter is before the court on the motion of defendants Grimsley, Dick, and Richards—(The Citadel defendants)—for summary judgment and on motion of the defendants' Webb, Plumley, Koss, Biggerstaff, and Bostic—(the cadet defendants) to dismiss the state law claims for lack of jurisdiction. The record includes the report of a United States Magistrate in which the magistrate recommends that The Citadel defendants' motion for summary judgment be granted and that the cadet defendants' motion to dismiss be denied. In accordance with 28 U.S.C. § 636, the parties filed timely objections to the magistrate's report.

The report and recommendation of the United States magistrate was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate. *See United States Magistrates,* Local Rule 19, D.S.C.; *Social Security Cases,* Local Rule 20, D.S.C.; *Bowman v. Bordenkircher,* 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a magistrate's factual or legal conclusions. *Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). In the present case, the parties have filed objections to the magistrate's report.

The facts surrounding this case must be examined before a ruling can be made. No objection was made by any party to the magistrate's recitation of the facts in this case. Therefore, the following facts as reported by the magistrate are incorporated herein.

The Citadel is a military college reflecting its antebellum origins as a school for guards of the state arsenal offering a course of study designed to make them useful citizens in time of peace as well as war. The student body is organized along military lines under the command of the Cadet Regimental Commander, a senior or first class cadet, who is responsible to the Commandant of Cadets, a member of the college administration. Freshmen, or fourth class cadets, are subject to a highly regimented and disciplined system under the supervision of the cadet chain of command.

College regulations prohibit hazing and specifically prohibit upperclassmen from entering the rooms of freshmen except for proper purposes. Nevertheless, on the night of October 23, 1986, five (5) white upperclass cadets dressed in sheets and towels resembling Ku Klux Klan robes and carrying a singed paper cross (8½ inches by 7 inches) entered the room of the plaintiff, Kevin Nesmith, a black freshman or fourth class cadet. The cadets chanted "Nesmith, Nesmith, get your shit in a pile," or similar words. This woke Nesmith's roommate who confronted the five (5) cadets and attempted to turn on the lights. The commotion woke Nesmith who saw the defendants

leaving. In the altercation, the defendants lost a towel and plume which one of the defendants had been wearing on a shako in order to give the appearance of a pointed hood. The singed paper cross was also left behind. The plaintiff and his roommate reported the incident through the chain of command and subsequently followed up going outside of the chain of command to assure that the matter was properly prosecuted. The perpetrators were identified and disciplined by the college.

Magistrate's Report at 3–4.

■ The magistrate recommended that this court grant summary judgment to The Citadel defendants based on the doctrine of qualified immunity as set forth by the United States Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).[1] Magistrate's Report at 7. Plaintiff objects to the finding of qualified immunity. Additionally, plaintiff objects to the ruling on the qualified immunity issue at the summary judgment stage because plaintiff contends there are material factual matters in dispute.

The crux of the issue before this court is whether The Citadel defendants are entitled to qualified immunity in this 42 U.S.C. § 1983 action. The United States Supreme Court established the test for qualified immunity in *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." As noted by the magistrate in his recommendation, no party denies that the plaintiff has a "clearly established" right of personal security. Magistrate's Report at 5–6. Therefore, the real question regarding the immunity of The Citadel defendants is whether a reasonable person "should have known" that their conduct would violate the plaintiff cadet's constitutional rights. An objective standard is to be applied in determining whether an official "should have known" that his conduct was violative of a plaintiff's constitutional rights. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The magistrate noted and applied this standard at pages 6 and 7 of his report, and he correctly framed the inquiry as being "whether the contours of the plaintiff's rights were sufficiently clear that a reasonable official would understand that his acts or omissions would violate those rights." Magistrate's Report at 6. The magistrate found that the plaintiff failed to establish that a reasonable person standing in the stead of The Citadel defendants "should have known" that punishments meted out to Citadel cadets for violating college rules prior to the incident in question was insufficient to protect the plaintiff's constitutional rights.[2] Magistrate's Report at 7. In his objections, the plaintiff contends that the magistrate erroneously used a subjective standard in determining "whether ... The Citadel defendants understood" that their conduct— (regarding prior punishments to rules transgressors)—would result in plaintiff's

---

1. Another issue raised between the plaintiff and The Citadel defendants was whether The Citadel and its students have a "special relationship" under which The Citadel owed a heightened duty of protection to its students. *See Jensen v. Conrad*, 747 F.2d 185 (4th Cir.1984). In his report and recommendation, the magistrate recommended that, if this court did not find that The Citadel defendants enjoy qualified immunity, this court should find that a "special relationship" exists between The Citadel and its students, thereby precluding the availability of summary judgment for The Citadel defendants. Magistrate's Report and Recommendation at 5, note 3.

As elaborated in this order, *supra*, this court agrees that The Citadel defendants possess qualified immunity. Therefore, it is not necessary to reach the issue of whether a special relationship exists between The Citadel and its students, and whether The Citadel defendants breached the duty imposed upon them by virtue of such relationship.

2. Plaintiffs contend, after the fact, and certainly irrelevantly, that punishment to the five cadet defendants was not sufficiently harsh, and this indicates a disregard of plaintiff's rights. However, this court feels the penalties imposed on these cadets were extremely severe, even worse than suspension. *See* deposition testimony of defendant cadet Koss at pages 101–107.

constitutional rights being violated.[3] This court agrees with the plaintiff that the statement made by the magistrate on page 6 of his report, read in isolation, does make it appear that the magistrate applied a subjective standard. However, in reading the magistrate's report in its entirety, this court finds that the magistrate applied the proper, objective standard in determining whether a reasonable person, in a position such as The Citadel defendants, should have known that the penalties imposed upon student rule violators would be insufficient to protect the constitutional rights of other students. This court, therefore, finds plaintiff's objection to the standard used by the magistrate in evaluating the sufficiency of the punishment to be without merit.

Additionally, plaintiff objects to the recommendation of summary judgment based on qualified immunity, contending that such disposition at the pretrial stage is inappropriate since there exist genuine issues of fact in this case on this issue. The United States Supreme Court has held in several cases that summary judgment is particularly appropriate in cases in which government officials assert qualified immunity. *Harlow,* 457 U.S. at 808, 102 S.Ct. at 2733; *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) ("The entitlement [to qualified immunity] is an *immunity from suit* rather than a mere defense to liability; and ... it is effectively lost if a case is permitted to go to trial.") (emphasis in original). This court agrees with the magistrate that plaintiff has failed to raise any material issues of fact on the question of whether any person in the same position as The Citadel defendants "reasonably should have known" that their conduct—(i.e., the punishment that they gave to those cadets violating college rules)—would cause the plaintiff's constitutional rights to be violated. This court finds that a reasonable person would have expected that the punishment imposed by The Citadel disciplinary

authorities to rule violators would have protected the constitutional rights of all cadets at The Citadel. Therefore, this court adopts the magistrate's recommendation that summary judgment be granted to The Citadel defendants based on the legal principle of qualified immunity established in *Harlow* and its progeny.

■ The plaintiff alleges liability on the part of the cadet defendants based on 42 U.S.C. § 1981, and the state law tort claims of trespass, assault, and outrage. The cadet defendants have moved to dismiss the state law claims asserted against them for lack of subject matter jurisdiction. Their first argument is that the state law claims do not share a "common nucleus of operative fact" with the federal claim against The Citadel defendants. As noted by the magistrate, this argument is mooted by the dismissal of The Citadel defendants from this action.

Additionally, the cadet defendants assert that this court should exercise its discretion and decline to assume pendent jurisdiction over the state tort claims, as the trial of such claims with the federal 42 U.S.C. § 1981 claim would result in jury confusion and cause the court unnecessarily to become involved with novel questions of state law. The magistrate, citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), recommended that this court reject the cadet defendants' arguments and deny their motion to dismiss the state law claims. The cadet defendants filed blanket objections to the magistrate's recommendation, but cited no persuasive authority for such objection. This court, finding that the two-part test of *Gibbs*—i.e. whether the federal and state claims arise "out of a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding ..." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138, has been satisfied, has determined that the cadet defendants' objections are without merit.

---

**3.** The complete passage from page 6 of the Magistrate's Report is:

 Thus, the crux of the dispute is whether, against the background of these rights, The

Citadel defendants understood that the punishment meeted (sic) out to previous transgressors was insufficient to protect Nesmith's rights.

Thus, the cadet defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

Based on the foregoing it is

ORDERED, that the motion of the defendants Grimsley, Dick, and Edwards for summary judgment be, and the same hereby is, granted.

IT IS FURTHER ORDERED, that the motion of the defendants Webb, Plumley, Koss, Biggerstaff, and Bostic, to dismiss the state law claims set forth herein for lack of jurisdiction be, and the same hereby is, denied.

IT IS SO ORDERED.