**Kenney Roy NIX, Plaintiff,**

**v.**

**Parker EVATT, et al.; Richard Lindler, et al.; G.C. Franklin; Donald F. Dease; Charles Van Meter, et al.; B.L. Galloway; Scott Porter; (unknown) Morgan; (in their individual and official capacity), Defendants.**

**Civ. A. No. 8:92–3448–8AJ.**

United States District Court,
D. South Carolina,
Greenwood Division.

May 5, 1994.

---

Kenney Roy Nix, pro se.

William Brockman Watkins, Roy R. Hemphill, Greenwood, SC, J. Edwin McDonnell, Spartanburg, SC, for defendants.

## ORDER

BLATT, Senior District Judge.

The *pro se* plaintiff, a state prisoner, is seeking relief pursuant to 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated policies of the South Carolina Department of Corrections (SCDC) in the manner in which they charged the plaintiff with infractions of SCDC rules, placed him in administrative segregation, and conducted a hearing regarding the charges. The record includes the report and recommendation of United States Magistrate Judge Robert S. Carr in which report he recommends that the action be dismissed because the defendants are entitled to qualified immunity. The parties were given notice of the right to file objections to the report and recommendation and of the consequences for a failure to do so. On November 3, 1993, the plaintiff filed objections with the court.

The reference to, and the report and recommendation of, the magistrate judge was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning such reference. *See United States Magistrates,* Local Rule 19, D.S.C.; *Social Security Cases,* Local Rule 20, D.S.C.; *Bowman v. Bordenkircher,* 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Here, objections were filed by the plaintiff and the court has conducted a *de novo* review of those parts of the magistrate judge's report and recommendation to which objections were made.

This court has reviewed the plaintiff's objections and finds they have merit as to some of the defendants. On August 29, 1991, the plaintiff was searched by prison officials who found that he possessed more money and canteen items than were allowed under the

prison regulations. The plaintiff was placed in administrative segregation immediately following the search and given a hearing date. He was then assigned an inmate representative who is an employee of the Department of Corrections. The inmate representative, Mr. Porter, interviewed the plaintiff in the administrative segregation cell on September 26, 1991. The plaintiff claims that he told Mr. Porter that he would like to call his roommate at the time of the incident, Mr. Vincent, and an officer named Eric Morgan, to be witnesses at the upcoming Adjustment Committee hearing to be held on September 30, 1991. However, Mr. Porter, in his affidavit, states that at no time did plaintiff advise him that he desired the presence of any witnesses at the hearing. Mr. Porter does admit that plaintiff asked him to speak with inmate Vincent and that he repeatedly paged inmate Vincent over the prison public address system, but inmate Vincent never answered the page.

Plaintiff claims that when he appeared for his hearing on September 30, 1991, and was taken to the waiting area for the Adjustment Committee hearing, he did not see either of the witnesses he requested. Plaintiff alleges he asked Mr. Porter about his witnesses and that Mr. Porter replied that he could not get in touch with them. The plaintiff claims he then requested that his witnesses be paged over the public address system and that Mr. Porter stated that he had to first ask the hearing chairman, Charles Van Meter, if he could do this. Plaintiff claims at this point that Mr. Porter went into the committee room from which he emerged a few minutes later and stated that the plaintiff's request to call witnesses had been denied. The plaintiff further contends that when the hearing began he asked the committee chairman, Mr. Van Meter, to have his witnesses paged. Plaintiff claims that Mr. Van Meter denied the request and told the plaintiff that he should have submitted a written request to the committee to have these witnesses present as well as a written statement as to the content of their testimony. The plaintiff claims that he then told Mr. Van Meter that he was not aware of this requirement and that Mr. Van Meter replied that it was not his place to inform the plaintiff of policy and procedure. The plaintiff also alleges that he asked his inmate representative, Mr. Porter, why he was not informed of this requirement concerning witnesses, and that Mr. Porter told him that he was not aware of the requirement himself.

Plaintiff contends that he has the constitutional right to call witnesses at a prison disciplinary hearing when he is facing administrative segregation, and that he was denied this right because his appointed inmate representative failed to contact the witnesses he requested. The plaintiff focuses on inmate Vincent, his roommate at the time, as the most valuable witness. The plaintiff has submitted an affidavit from inmate Vincent which basically states that half of the alleged excess canteen items and money assigned to the plaintiff belonged to inmate Vincent, thus providing the plaintiff with a good basis for a defense, since if these facts were correct, the plaintiff would not have been in possession of an excess of allowed items. The magistrate judge held that under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the plaintiff was not entitled to counsel or assistance from an inmate advisor unless he could demonstrate that he was illiterate, or when the issues to be presented were of such complexity that it was unlikely that the inmate would be able to collect and present necessary evidence. Since the magistrate judge held that the plaintiff did not have a clearly established constitutional right to inmate assistance, he determined that the defendants were entitled to qualified immunity under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).[1] This court disagrees with the magistrate judge and finds that the plaintiff did have a clearly established right to call witnesses and to receive help from a sufficiently competent inmate representative.

---

1. In *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987), the Supreme Court held that in order for a right to be clearly established "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."

458

■ When loss of good-time credits or solitary confinement is at issue, the United States Supreme Court has mandated the following procedural safeguards: (1) advance written notice of charges; (2) written findings; and generally, (3) the right to call witnesses. *Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935 (1974). The Supreme Court further held: "[w]here an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." At least one other circuit has held that confinement in administrative segregation is a factor, like illiteracy or complexity of charges, which makes it almost impossible for an inmate to formulate a defense, collect statements, interview witnesses, compile documentary evidence, and otherwise prepare for a disciplinary hearing. *Eng v. Coughlin,* 858 F.2d 889 (2nd Cir.1988).

■ Although the Fourth Circuit has not ruled on this issue, this court finds that it is clear that once a prisoner is placed in administrative segregation, he is then incapable of interviewing or obtaining statements from potential witnesses.[2] Thus, this court concludes that at the time of plaintiff's hearing there was a clearly established constitutional right[3] to sufficiently competent representation when a prisoner in administrative segregation is facing a disciplinary hearing. However, this court finds that only the following defendants have any possible liability due to their potential involvement in regard to the procedural due process claims: Charles Van Meter (the Administrative Hearing Board officer who was aware of the situation and denied the request)[4], Scott Porter (the inmate representative who failed to contact potential witnesses), Richard Lindler (the Warden at McCormick Institution who affirmed the committee's findings) and Donald Dease (the Regional Administrator for the SCDC Appalachian Region who affirmed Mr. Lindler's findings).[5] According to the undisputed affidavits submitted by the remaining defendants (Evatt, Galloway, Franklin and Morgan), none of them were involved with the procedural due process claim, and are thus dismissed from this case. Therefore, the only defendants remaining at this time are the above-named defendants Van Meter, Porter, Lindler and Dease.

■ This court also finds that, in view of the applicable law and the submitted affida-

---

2. There has been much confusion among the circuits as to when a right is clearly established. The Fourth Circuit has held: the fact that an exact right allegedly violated has not earlier been specifically recognized by any court does not prevent a determination that it was nevertheless " 'clearly established' for qualified immunity purposes.... 'Clearly established' in this context includes not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked." *Pritchett v. Alford,* 973 F.2d 307, 314 (4th Cir.1992). "Public officials must consider the possible relevance of legal principles established in analogous factual contexts." *McConnel v. Adams,* 829 F.2d 1319, 1325 (4th Cir.1987).

3. This court finds that the right is clearly established because the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

4. The Supreme Court has held that a member of an administrative prison disciplinary committee is entitled to qualified and not absolute judicial immunity. *Cleavinger v. Saxner,* 474 U.S. 193, 205, 106 S.Ct. 496 (1985) at 503, 88 L.Ed.2d 507.

5. As to defendants Lindler and Dease, see *Gaston v. Taylor,* 918 F.2d 25, 30 at ftnt. 2 (4th Cir. 1990), superseded on other grounds by *Gaston v. Taylor,* 946 F.2d 340 (4th Cir.1991), which held that since a Warden and Regional Administrator have the same duty to review an administrative committee's finding, they have a personal obligation to protect the plaintiff's entitlement to due process. The Fourth Circuit citing *Slakan v. Porter,* 737 F.2d 368 (4th Cir.1984) held that "the outer limits of [supervisory] liability in any given case are determined ultimately by pinpointing the persons in the decision making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked." The *Gaston* court also cited *Avery v. County of Burke,* 660 F.2d 111, 114 (4th Cir.1981) for the proposition that the final determination of deliberate indifference is generally one of fact, not law.

vits, the degree, extent, or level of the four remaining defendants' conduct or indifference remains at issue. The Fourth Circuit, in a somewhat similar case, remanded the case to the district court to determine exactly what level of indifference, if any, the defendant supervisors showed. *Gaston v. Taylor,* 918 F.2d 25, 30 at ftnt. 2 (4th Cir.1990), superseded on other grounds by *Gaston v. Taylor,* 946 F.2d 340 (4th Cir.1991). The court, in *Gaston,* 918 F.2d 25, 30 at ftnt. 2, also stated: "In the context of a procedural due process claim, to which this claim is closely akin, a negligent oversight may not in and of itself render a defendant liable under § 1983. See *Daniels v. Williams,* 474 U.S. 327, 328, 334 n. 3 [106 S.Ct. 662, 663, 666 n. 3, 88 L.Ed.2d 662] (1986) (holding that negligence, in the context of a tort claim relating to bodily injuries allegedly sustained by an inmate because of lack of maintenance of a prison stairway, does not constitute a violation of constitutional due process, but reserving the question of whether "recklessness" or "gross negligence" is sufficient to trigger the protections of constitutional due process.)" *Id.*[6] In the Fourth Circuit, deliberate indifference may be demonstrated either by actual intent or by a showing of reckless disregard. *Militier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990). Accordingly, the level of indifference of each remaining defendant must be determined.

Considering the facts herein in a light most favorable to the plaintiff, who opposes the defendants' motions for summary judgment, this court refuses at this time to grant summary judgment to defendants Van Meter, Porter, Lindler and Dease. The court adopts the magistrate judge's recommendation to grant summary judgment as to defendants Evatt, Galloway, Franklin, and Morgan, since it is undisputed that none of them were involved in the procedural due process claim. This action is recommitted to the magistrate judge for further proceedings consistent with this order and to posture this case for trial.

IT IS SO ORDERED.

---

6. See reference to *Wolff v. McDonnell* in *Daniels v. Williams,* 474 U.S. at 336, 106 S.Ct. at 667, wherein the Supreme Court noted that the relevant action of the prison officials in the *Wolff* case was their *deliberate* decision to deprive the inmate of good-time credit, not their hypothetically negligent failure to accord him the procedural protections of the Due Process Clause. See also, *Sourbeer v. Robinson,* 791 F.2d 1094 (3rd Cir.1986) in which the court found that where defendants had deliberately deprived the plaintiff of liberty, and failed to provide process that was constitutionally required, it was unnecessary for the district court to determine whether that failure was intentional, grossly negligent, or without fault at all, because there would be a constitutional violation in any event.